**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| GERALD CARTER | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| NORTHSIDE INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
| | § | |
| DEFENDANT | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION:

1.

Please take notice that Defendant Northside Independent School District (hereinafter "Defendant") hereby removes to this Court the state court action described below.

2.

This action was commenced on May 23, 2011, in the Bexar County Court at Law No. 2 of Bexar County, Texas, as Cause No. 369254. Defendant was served with citation and received its first notice of this cause on May 27, 2011. As of this date, the case is styled <u>Gerald Carter vs. Northside Independent School District</u>. In Plaintiff's Original Petition filed and served on Defendant, Plaintiff alleges a federal cause of action under the Americans with Disabilities Act, 42 U.S.C. §12102 *et. seq.* In his pleadings, Plaintiff Gerald Carter alleges that Defendant Northside Independent School District discriminated against him based on his alleged disability, failed to accommodate his alleged disability, retaliated against him because of his alleged disability and constructively terminated him

- 1 -


EXHIBIT A-1

because of his alleged disability.

3.

This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1343.  This Court has original jurisdiction over the subject matter, an alleged violation of federal law – the Americans with Disabilities Act.  Therefore, this action is removable to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441, being a civil action over which the Federal district courts have original jurisdiction and a case arising under the laws of the United States.

4.

This Notice of Removal is filed within thirty (30) days of receipt by Defendant of Plaintiff's Original Petition, and is therefore timely filed pursuant to the provisions of 28 U.S.C. §1446(b).

5.

A copy of all process, pleadings and orders served on Defendant in this action is attached to this Notice.

WHEREFORE, PREMISES CONSIDERED, Defendant Northside Independent School District prays that this cause be removed to this the United States District Court for the Western District of Texas, San Antonio Division, and that the said Court grant said Defendant all relief, special or general, at law or in equity, to which it shows itself justly entitled.

Respectfully Submitted,

WALSH, ANDERSON, BROWN,
   GALLEGOS & GREEN, P.C.
100 NE Loop 410, Suite 900
San Antonio, Texas 78216
Tel No.  210-979-6633
Fax No. 210-979-7024


By:   /s/ D. Craig Wood_____
       D. CRAIG WOOD
       Attorney In Charge
       State Bar No.  21888700
       cwood@sa.wabsa.com

By:   /s/ Stacy T. Castillo_____
       STACY T. CASTILLO
       State Bar No. 00796322
       scastillo@sa.wabsa.com

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been sent by certified mail, return receipt requested on the 17th day of June 2011, to:

Mr. Adam Poncio            **CERTIFIED MAIL #7010 2780 0003 1514 5655**
Poncio Law Offices                  **RETURN RECEIPT REQUESTED**
5410 Fredericksburg Road, Suite 109
San Antonio, TX  78229-3550


         /s/ D. Craig Wood_____
         D. CRAIG WOOD

RUN DATE: 06/14/2011 Bexar County Centralized Docket System Pg: 1    PGM: DKB4900P
RUN TIME: 16:57:04                                                    JCL: SPPROD

---

## *DOCKET INFORMATION*

CAUSE NUM: 369256

DATE FILED: 05/23/2011        COURT: 802        UNPAID BALANCE:      0.00

TYPE OF DOCKET: DAMAGES

### ***STYLE***

    GERALD CARTER

      VS NORTHSIDE INDEPENDENT SCHOOL DISTRICT

ACCESS: 0        STATUS: PENDING

### *LITIGANT INFORMATION*

| SEQ | LAST /FIRST /MIDDLE NAME | LIT. TYPE/ATTORNEY | DATE |
|---|---|---|---|
| 00001 | CARTER GERALD | PLAINTIFF | 05/23/2011 |
| | | 00001 PONCIO, ADAM | |
| 00002 | NORTHSIDE INDEPENDENT SCHOOL DISTRI | DEFENDANT | 05/23/2011 |
| | | 00002 WOOD, DONALD CRAIG | |
| 00003 | FOLKS JOHN | REGISTERED AGENT | 05/23/2011 |

### *SERVICES INFORMATION*

| SEQ | SERVICE TYPE / DATES | DIST | LITIGANT NAME |
|---|---|---|---|
| 00001 | CITATION | 150 | |
| | ISS: 05/25/2011  REC: 05/27/2011  EXE: 05/27/2011  RET: 06/01/2011 | | |

### *ATTORNEY INFORMATION*

| SEQ | DATE FILED | BAR NBR. | NAME | STATUS | DATE |
|---|---|---|---|---|---|
| 00001 | 05/23/2011 | 16107000 | PONCIO, ADAM | SELECTED | 05/25/2011 |
| 00002 | 06/10/2011 | 21880700 | WOOD, DONALD CRAIG | SELECTED | 06/13/2011 |

### *PROCEEDING INFORMATION*

| SEQ | DATE FILED | VOLUME | PAGE | PAGE COUNT |
|---|---|---|---|---|
| 00001 | 05/23/2011 | 0000 | 0000 | 0000 |
| | DESC: CIVIL CASE INFORMATION SHEET | | | |
| 00002 | 05/23/2011 | 0000 | 0000 | 0000 |
| | DESC: PLAINTIFF ORIGINAL PETITION | | | |
| 00003 | 06/06/2011 | 0000 | 0000 | 0000 |
| | DESC: "CITATION SCANNED" | | | |
| 00004 | 06/10/2011 | 0000 | 0000 | 0000 |
| | DESC: ANSWER TO ORIGINAL PETITION | | | |
| | AND AFFIRMATIVE DEFENSES | | | |
| | NORTHSIDE INDEPENDENT SCHOOL DISTRICT | | | |

### *TRIAL INFORMATION*

| SEQ | DATE FILED | COURT | SETT. DATE | TIME | ATTY |
|---|---|---|---|---|---|

06-15-'11 09:06 FROM-                                    T-428  P0003/0003 F-360

RUN DATE: 06/14/2011 Bexar County Centralized Docket System Pg: 2  PGM: DKB4900P
RUN TIME: 16:57:04                                              JCL: BPPKDD

───────────────────────────────────────────────────────────────

                    * O R D E R      I N F O R M A T I O N *
    SEQ   DATE FILED  JUDGE NAME        VOLUME   PAGE  PAGE CNT   AMOUNT  %OF


                    * B O N D      I N F O R M A T I O N *
    SEQ    DATE FILED   PRINCIPAL

CAUSE NO. 369254

| | | |
|---|---|---|
| GERALD CARTER | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | AT LAW NO. 2 |
| | § | |
| | § | |
| NORTHSIDE INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
| | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## DEFENDANT NORTHSIDE INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant NORTHSIDE INDEPENDENT SCHOOL DISTRICT (hereinafter "District" or "Northside ISD"), in the above-styled and numbered cause, and files its Original Answer and Affirmative Defenses, and shows the Court the following:

### I.
### GENERAL DENIAL

The District denies each and every allegation, all and singular, contained within the Plaintiff's Original Petition. The Texas Rules of Civil Procedure and, in particular, Rule 92, affords citizens and entities of this state certain protections with respect to lawsuits of this type. Accordingly, the District invokes the provisions of that rule and does generally deny the allegations now made against it by the Plaintiff. At any trial of this cause, the District will exercise its legal rights in this regard, and require Plaintiff to carry the burden of proof, which the law imposes upon him, to prove each and every material allegation contained in his pleading by a preponderance of the credible evidence.

*Page 1 of 4*

## II.
## AFFIRMATIVE DEFENSES

The District asserts that Plaintiff has failed to state a claim upon which relief can be granted under the U.S. and Texas Constitutions, or under any state or federal statute, constitutional theory, or legal authority.

Notwithstanding the foregoing, the District asserts that it acted in good faith and with a reasonable belief that its actions relevant to this lawsuit were in compliance with federal and state law. Furthermore, none of the District's actions violated any clearly established statutory or constitutional rights of which a reasonable person would have known.

Notwithstanding the foregoing, the District asserts its entitlement to sovereign immunity, professional immunity and common-law official immunity from liability for claims arising out of Plaintiff's Complaint.

Notwithstanding the foregoing, the Court lacks subject matter jurisdiction over Plaintiff's claims because he failed to exhaust his administrative remedies. To the extent that any of Plaintiff's claims are barred by immunity, were not part of the underlying administrative proceedings, or were not filed within the relevant statute of limitations, the Court lacks subject matter jurisdiction.

Notwithstanding the foregoing, Defendant cannot be held liable for alleged constitutional or statutory violations under the theory of respondeat superior.

Notwithstanding the foregoing, Defendant asserts that it breached no legal duty of any kind owing to the Plaintiff. The District has adopted policies strictly prohibiting discrimination and retaliation of any kind, including harassment, retaliation, or discrimination of employees based on disability, sex, race, national origin, or ethnicity. Northside ISD has no policy, practice

or custom of permitting harassment or discrimination of any employees in the District. Defendant's actions were in compliance with its employment policies and in compliance with applicable federal and state law.

Notwithstanding the foregoing, the District asserts that Plaintiff is not entitled to any of the relief demanded in his pleadings and that Plaintiff is not entitled to damages or costs in any amount. The District further asserts that as a governmental entity, Plaintiff is not entitled to punitive or exemplary damages against it, as a matter of law.

Notwithstanding the foregoing, the District further asserts its right to mitigation of damages and to the extent the Plaintiff has failed to mitigate his damages, that his damages, if any, should be adjusted accordingly.

Notwithstanding the foregoing, the District claims its entitlement to recover attorney's fees and costs of suit pursuant to the Rules of Civil Procedure, Texas Education Code, federal law and judicial interpretation.

Notwithstanding the foregoing, the District asserts the right to raise additional defenses that become apparent throughout the factual development of the case.

## III.
## <u>PRAYER</u>

WHEREFORE PREMISES CONSIDERED, the District prays that Plaintiff take nothing by way of his causes of action brought herein, that the District recover all costs on its behalf expended, and that it be granted all such other and further relief, special or general, at law or in equity, to which it shows itself justly entitled.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
    GALLEGOS & GREEN, P.C.
100 NE Loop 410, Suite 900
San Antonio, Texas 78216
Tel No.  210-979-6633
Fax No. 210-979-7024

By:    /s/ D. Craig Wood
       D. CRAIG WOOD
       Attorney In Charge
       State Bar No.  21888700
       cwood@sa.wabsa.com

By:    /s/ Stacy T. Castillo
       STACY T. CASTILLO
       State Bar No. 00796322
       scastillo@sa.wabsa.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant Northside Independent School District's Original and Affirmative Defenses was served in the manner indicated below on the 8th day of June, 2011, to:

Adam Poncio                           **CERTIFIED MAIL #7010 2780 0003 1514 5631**
Poncio Law Offices                          **RETURN RECEIPT REQUESTED**
5410 Fredericksburg Road, Suite 109
San Antonio, TX  78229-3550
SBN:  16109800

                                      /s/ D. Craig Wood
                                      D. CRAIG WOOD

369254

CAUSE NO. _____

| | | |
|---|---|---|
| GERALD CARTER | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NO. 2 |
| | § | |
| NORTHSIDE INDEPENDENT | § | |
| SCHOOL DISTRICT | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES GERALD CARTER, hereinafter referred to as Plaintiff, complaining of

NORTHSIDE INDEPENDENT SCHOOL DISTRICT, hereinafter referred to as Defendant, and

for cause of action shows unto the Court the following:

### I. PARTIES AND SERVICE

Plaintiff is a resident of Bexar County, Texas.

Defendant, NORTHSIDE INDEPENDENT SCHOOL DISTRICT, is a Texas entity

doing business in Bexar County, Texas, which may be served with process by the clerk of the

court by certified mail, return receipt requested by serving Defendant's Superintendent, John

Folks, 5900 Evers Road, San Antonio, Texas 78238.

### II. JURISDICTION

This court has jurisdiction because the action arises under the Americans with

Disabilities Act, 42 U.S.C. §12102, et al.

### III. VENUE

Venue of this action is proper in Bexar County, Texas in that all or a substantial part of

the events or omissions giving rise to the claims herein occurred principally and/or exclusively

1

in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE ANN. § 15.001.

Moreover, venue is proper in Bexar County, Texas in that the Defendant conducts business in Bexar County.  See TEX. CIV. PRAC. & REM. CODE § 15.002.

## IV. DISCOVERY

Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

## V. MISNOMER / MISIDENTIFICATION

In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within 90 days after receiving a Dismissal and Notice of Rights from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit A.

Thereafter, Plaintiff received a "Notice of Right to File a Civil Action," dated March 24, 2011 and received by Plaintiff on March 28, 2010, giving Plaintiff Notice of Right to File a Civil Action to sue Defendant within 90 days of its receipt.  A copy is attached hereto as Exhibit "B" and made a part hereof for all intents and purposes.

## VII. FACTS

Plaintiff faithfully worked for the Defendant since October of 2007 as a teacher at Mary

Michael Elementary School.

In November 2009, and January 2010, Plaintiff was counseled on performance issues. On or about March 29, 2010, the Superintendent notified Plaintiff in writing that Plaintiff would not be given a new two (2) year contract. Once Plaintiff's current contract for the 2010 - 2011 school year was completed, Plaintiff would cease to be employed by Defendant. Plaintiff believes he was being discriminated against in violation of the Americans with Disabilities Act of 1990, and filed a Charged of Discrimination with the Equal Employment Opportunity Commission on April 26, 2011, under Charge No. 451-2010-00999.

Since the date of filing his initial Charge of Discrimination, Plaintiff has suffered retaliation. During the week of January 3, 2011, Plaintiff was met with increasing pressure and harassment by Defendant. This occurred in the form of two (2) official reprimands, three (3) observations by supervisors, and two (2) required meetings with administration, all in the first four (4) days back. Plaintiff was told in a meeting that as of January 4, 2011, Defendant would not recommend Plaintiff for renewal of his contract based on Plaintiff's performance and reprimands. The Principal at Mary Michael Elementary made Plaintiff's job increasingly difficult by focusing intently on any infraction that may occur.

Plaintiff has had to endure Defendant's supervisors monitoring his classroom and having to attend weekly meetings to discuss Plaintiff's performance, thereby making Plaintiff's job performance difficult under the intensive supervision of Defendant. Plaintiff was informed by Defendant's attorney of record that the mandatory meeting would cease if Plaintiff dropped his first Charge of Discrimination against Defendant. Plaintiff did not dropped the initial Charge of Discrimination against Defendant and therefore, the mandatory meetings continued.

3

Plaintiff has been diagnosed by his treating physician with clinical depression and anxiety, and most recently with ADHD. The Principal and Vice Principal were both aware of Plaintiff's medical conditions and how these conditions were affecting his job performance. Defendant was fully aware that Plaintiff's clinical depression would intensify if there was an increased anxiety and loss of sleep, as Defendant had received letters from Plaintiff's treating physician, as well as personal appeals from Plaintiff.

In June 2010, Plaintiff, with the direction of his treating physician, requested certain accommodation in order to alleviate the stress he was put under by Defendant, and even went to far as to request he be moved to another facility. Defendant, in turn, denied the accommodations.

Due to the continued stress Plaintiff was being subjected to, on April 22, 2011 Plaintiff has not alternative but to constructively terminate his employment with Defendant.

## VIII. AMERICANS WITH DISABILITIES ACT

### 42 U.S.C. §12102, et al.

Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA), 42 U.S.C. §12102(1). The Plaintiff's clinical depression and other medical conditions substantially limit some of his life activities. Prior to his constructive termination, and prior to Defendant's harassment and retaliation, Plaintiff was otherwise qualified and able to perform the essential functions of his job as a Teacher.

Plaintiff is an employee within the meaning of the ADA, 42 U.S.C. §12111(4).

Defendant is an employer within the meaning of the ADA, 42 U.S.C. §12111(5).

Defendant violated the ADA by discriminating against Plaintiff through failure to

4

reasonably accommodate Plaintiff's disability. Plaintiff could reasonably accommodate the Plaintiff but was unwilling to do so. Though it was known and obvious to the Defendant that the Plaintiff would require accommodations due to the fact that the Plaintiff continued under the care of a physician for his medical conditions, the Defendant did not make accommodations when the Plaintiff requested them based on his disability and/or based on the perception of his disability.

Additionally, Defendant violated the ADA by intentionally discriminating against Plaintiff because of his disability, 42 U.S.C. §12203. Defendant's discriminatory acts include retaliating against and causing the constructive termination of Plaintiff for Defendant's failure to accommodate his disability.

## IX. RESPONDEAT SUPERIOR AND RATIFICATION

Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## X. DAMAGES

As a direct and proximate result of the Defendant's conduct and/or omission, Plaintiff suffered the following injuries and damages:

    (a)    Mental anguish and emotional distress suffered in the past;

    (b)    Mental anguish and emotional distress which, in all reasonable probability, will be suffered in the future;

c)      Lost wages, past and future;

## XI. ATTORNEY FEES

Plaintiff is entitled to an award of attorney fees, expert fees and costs under 42 U.S.C. §12205.

## XII. JURY DEMAND

Plaintiff further demands a trial by jury.

## XIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court and believed to exceed $75,000; attorney's fees and expert fees, together with interest, including pre and post judgment interest, as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity. Plaintiff requests a jury trial.

Respectfully submitted,

By: _____

**ADAM PONCIO**
**State Bar No. 16109800**
**PONCIO LAW OFFICES, P.C.**
**5410 Fredericksburg Rd., Suite 190**
**San Antonio, TX 78229**
**Tel. (210) 212-7979**
**Fax. (210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**

6

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Gerald L. Carter<br>c/o Mr. Adam Poncio<br>5410 Fredericksburg Rd, Suite 109<br>San Antonio, TX 78229 | From: | San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2011-00534 | Jose Colon-Franqui,<br>Supervisor | (210) 281-7608 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____   *February 25, 2011*

Enclosures(s)                                              *(Date Mailed)*

*for* Pedro Esquivel,
Director

cc:   **NORTHSIDE INDEPENDENT SCHOOL DISTRICT**
**Assistant Supervisor for Human Resources**
**5617 Grissom Road**
**San Antonio, TX 78238**

**RECEIVED FEB 28 2011**

**EXHIBIT**

A

101 East 15th Street
Austin, TX 78778-0001
www.twc.state.tx.us

(512) 463-2642 Main
(512) 463-2643 Fax
(888) 452-4778 Toll Free



**Texas Workforce Commission**
**Civil Rights Division**

3/24/2011

NOTICE OF RIGHT TO FILE A CIVIL ACTION

*Gerald L. Carter*
c/o Adam Poncio
Poncio Law Offices
5410 Fredericksburg Road, Suite 109
San Antonio, TX 78229-3550

Re:     *Gerald L. Carter v. Northside Independent School District*
        EEOC Complaint # 451-2011-00534
        CRD/Local Commission Complaint #

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

*Jonathan Babiak*
Jonathan Babiak
Division Director

RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:

Northside Independent School District
Assistant Supervisor for Human Resources
5617 Grissom Road
San Antonio, TX 78238

RECEIVED MAR 2 8 2011

**EXHIBIT**

**B**

Cert-C-NCO2(6/92)



*"The Texas Workforce Commission Civil Rights Division is an Equal Opportunity Employer"*

"The State of Texas"          NO. ___369254_____

GERALD CARTER_____          IN THE COUNTY COURT AT
Plaintiff
vs.                                    LAW NO. _2_____

NORTHSIDE INDEPENDENT SCHOOL DISTRICT   BEXAR COUNTY, TEXAS
Defendant                    NOTICE
Citation Directed to: NORTHSIDE INDEPENDENT SCHOOL DISTRICT
BY SERVING ITS SUPERINTENDENT, JOHN FOLKS
          5900 EVERS ROAD
          SAN ANTONIO, TX 78238

*(handwritten vertical left margin: Certified Mail Article # 7009 0820 0001 7478 4546)*

"You have been sued. You may employ an attorney. If you or your attorney do not
file a written answer with the clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you." Said petition
was filed on the 23RD day of____May_____, 2011 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 25TH DAY OF __May_____
A.D. 2011 .

                                        GERARD RICKHOFF
                                        County Clerk of Bexar County, Texas
                                        Bexar County Courthouse
                                        100 Dolorosa Suite 104
                                        San Antonio, Texas 78205

ADAM PONCIO_____
Attorney/PLAINTIFF
address 5410 FREDERICKSBURG RD 10       By: _Marie E Poole_Deputy
        SAN ANTONIO, TX 78229-3554          MARIE E. POOLE

---

                    OFFICER'S RETURN
Came to hand 27 day of May , A.D. 2011 , at_____o'clock_____.M.
and executed the 27 day of may , A.D. 2011 , in_____
at_____o'clock___.M. by delivering to MC Zamarripa_____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition, Served at 5900 Evers Rd San Antonio, TX 78238

I traveled_____mites in the execution of this citation. fees:      Serving citation
$_____Mileage_____Total $

                                        _____County, Texas
                                        By_____

The State of Texas
                    NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this_____day of_____,_____

369254
(DKC001)          NOTARY PUBLIC, STATE OF TEXAS

SCANNED

RETURN TO COURT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NORTHSIDE INDEPENDENT SCHOOLDIST
BY SERVING ITS SUPERINTENDENT
JOHN FOLKS
5900 EVERS ROAD
SAN ANTONIO, TX. 78238

369254

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X MChen — ☑ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

MCZamarripa   5/27/11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☑ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7009 2820 0001 7478 4546

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees P
USPS
Permit No. G-

● Sender: Please print your name, address, and ZIP+4 in this box●

CIVIL CENTRAL FILING
ATTN: MARIE
CASE: 369254
CIT
05/25/2011

GERRY RICKHOFF, COUNTY CLERK
BEXAR COUNTY COURTHOUSE
100 DOLOROSA, SUITE 108
SAN ANTONIO, TEXAS  78205-3083

"The State of Texas"                NO.   369254

GERALD CARTER                                    IN THE COUNTY COURT AT
Plaintiff
vs.                                              LAW NO.   2

NORTHSIDE INDEPENDENT SCHOOL DISTRICT            BEXAR COUNTY, TEXAS
Defendant                              NOTICE
**Citation** Directed to: NORTHSIDE INDEPENDENT SCHOOL DISTRICT
BY SERVING ITS SUPERINTENDENT, JOHN FOLKS
5900 EVERS ROAD
SAN ANTONIO, TX 78238

"You have been sued.  You may employ an attorney.  If you or your attorney do not
file a written answer with the clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you."    Said    petition
was filed on the __23RD__ day of____May_____, 2011_.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS _25TH_ DAY OF __May_____
A.D., 2011__.

                                    GERARD RICKHOFF
                                    County Clerk of Bexar County, Texas
                                    Bexar County Courthouse
                                    100 Dolorosa Suite 104
ADAM PONCIO                         San Antonio, Texas  78205
Attorney/PLAINTIFF
address  5410 FREDERICKSBURG RD 10
SAN ANTONIO, TX 78229-3554          By:_____Deputy
                                    MARIE E. POOLE

_____
                         OFFICER'S RETURN
Came to hand_____day of_____,A.D. _____, at_____o'clock_____.M.
and executed the_____day of_____,A.D. _____, in_____
at_____o'clock____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition.  Served at_____

I traveled           miles in the execution of this citation.  fees:    Serving citation
$          Mileage        Total $

                         _____County, Texas
                         By_____

The State of Texas            NON - PEACE OFFICER VERIFICATION

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this_____day of_____, _____.

369254                     _____
(DKC001)              NOTARY PUBLIC,  STATE OF TEXAS          FILE COPY



# County Clerk - Civil Central Filing

### Receipt
### Duplicate Receipt New Case
### Transaction Status: Valid

| | Batch Day | |
|---|---|---|
| **Date: 5/24/2011** | **05/24/2011** | **Time: 12:18:56 PM** |

Receipt Date: 05/24/2011

**Gerard Rickhoff**
County Clerk - Civil Central Filing
Bexar County

ADAM PONCIO
5410 FREDERICKSBURG RD
109
SAN ANTONIO, TX 78229

**Court Number:**    2

**Style:**
GERALD CARTER
vs
NORTHSIDE INDEPENDENT SCHOOL DISTRICT

## Amount for this Receipt: $294.00

| | |
|---|---|
| **Cause Number:** | 369254 |
| **Receipt Number:** | 00948536 |
| **Transaction Number:** | 28 |
| **User ID:** | CC18591 |
| **WorkStation** | D911KMJ1 |
| **Batch Number** | 26628 |
| **Department Code:** | CCPP |
| **Payment Type Code:** | 3073 |
| **Payment Type Name:** | ccORP Cert Mail Jury |
| **Court Date:** | |
| **Court Time:** | : |

| Transaction # | Office | Tender Name | Tender Code | Date of Check | Amount |
|---|---|---|---|---|---|
| 28 | CHCC | Check (Endors) | CK | 5/23/2011 12:18:21 PM | $294.00 |
| | | | | **Transaction Total** | **$294.00** |

| Allocation Names And Amounts | | | |
|---|---|---|---|
| alADRS | $15.00 | alJSF2 | $42.00 |
| alAPLC | $5.00 | alBCLS (County 5%) | $0.50 |
| ccCertified Mail | $60.00 | ccClerk – New Filing | $40.00 |
| alCSF | $5.00 | ccJSF | $40.00 |
| alJury Demand | $22.00 | alLaw Library | $15.00 |
| alOCR | $15.00 | alRMF | $5.00 |
| alBCLS (State 95%) | $9.50 | al CH/RENOV FEE | $15.00 |
| al Rec Preservation Fee | $5.00 | | |

*Report Date: 5/24/2011 12:18:55 PM*

Page 1 of 1

# Gerry Rickhoff



COUNTY CLERK        BEXAR COUNTY



BEXAR COUNTY COURT HOUSE

SAN ANTONIO, TEXAS 78205

CASE NO._____369254_____

GERALD CARTER_____        DATE:_____

VS.
NORTHSIDE INDEPENDENT
SCHOOL DISTRICT

Please list name and service type for each defendant.

CITATION:

1. NAME__NORTHSIDE INDEPENDENT SCHOOL DISTRICT, by Registered Agent for Service:
   Superintendent, John Folks, 5900 Evers Road, San Antonio, Texas 78238.
   A.    _____  Private Process
   B.    _____  Sheriff
   C.    ✓_____  Certified Mail
   D.    _____  Out of County,
                 Mail to Attorney:_____
                 Address:_____

2. NAME_____

   A.    _____  Private Process
   B.    _____  Sheriff
   C.    _____  Certified Mail
   D.    _____  Out of County,
                 Mail to Attorney:_____
                 Address:_____

3. NAME_____
   A.    _____  Private Process
   B.    _____  Sheriff
   C.    _____  Certified Mail
   D.    _____  Out of County,
                 Mail to Attorney:_____
                 Address:_____

4. NAME_____
   A.    _____  Private Process
   B.    _____  Sheriff
   C.    _____  Certified Mail
   D.    _____  Out of County,
                 Mail to Attorney:_____
                 Address:_____

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* 369254 COURT *(FOR CLERK USE ONLY):* _____

STYLED GERALD CARTER VS. NORTHSIDE INDEPENDENT SCHOOL DISTRICT
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Adam Poncio  **Email:** salaw@msn.com | **Plaintiff(s)/Petitioner(s):** Gerald Carter | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| **Address:** 5410 Fredericksburg Rd. Suite 109  **Telephone:** 210-212-7979 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** San Antonio, Tx 78229  **Fax:** 210-212-5880 | **Defendant(s)/Respondent(s):** Northside Independent School District | **Custodial Parent:** |
| | | **Non-Custodial Parent:** |
| **Signature:** [signature]  **State Bar No:** 16109800 | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | Condemnation | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Partition | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | ☐ No Children | ☐ Enforcement/Modification |
| *Foreclosure* | ☐ Legal | ☐ Other Property: | | ☐ Paternity |
| ☐ Home Equity—Expedited | ☐ Medical | _____ | | ☐ Reciprocals (UIFSA) |
| ☐ Other Foreclosure | ☐ Other Professional | | | ☐ Support Order |
| ☐ Franchise | Liability: | **Related to Criminal** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Insurance | | **Matters** | ☐ Enforce Foreign | ☐ Adoption/Adoption with |
| ☐ Landlord/Tenant | ☐ Motor Vehicle Accident | ☐ Expunction | Judgment | Termination |
| ☐ Non-Competition | ☐ Premises | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Partnership | *Product Liability* | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Support |
| ☐ Other Contract: | ☐ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Custody or Visitation |
| | ☐ Other Product Liability | ☐ Writ of Habeas Corpus— | ☐ Removal of Disabilities | ☐ Gestational Parenting |
| | List Product: | Pre-indictment | of Minority | ☐ Grandparent Access |
| | _____ | ☐ Other: | ☐ Other: | ☐ Parentage/Paternity |
| | ☐ Other Injury or Damage: | | | ☐ Termination of Parental |
| | | | | Rights |
| | | | | ☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☒ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline |
| ☐ Retaliation | ☐ Antitrust/Unfair | ☐ Perpetuate Testimony |
| ☐ Termination | Competition | ☐ Securities/Stock |
| ☐ Workers' Compensation | ☐ Code Violations | ☐ Tortious Interference |
| ☐ Other Employment: | ☐ Foreign Judgment | ☐ Other: |
| | ☐ Intellectual Property | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |