**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| GERALD CARTER | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| NORTHSIDE INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
| | § | |
| DEFENDANT | § | |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION:

1.

Please take notice that Defendant Northside Independent School District (hereinafter "Defendant") hereby removes to this Court the state court action described below.

2.

This action was commenced on May 23, 2011, in the Bexar County Court at Law No. 2 of Bexar County, Texas, as Cause No. 369254. Defendant was served with citation and received its first notice of this cause on May 27, 2011. As of this date, the case is styled <u>Gerald Carter vs. Northside Independent School District</u>. In Plaintiff's Original Petition filed and served on Defendant, Plaintiff alleges a federal cause of action under the Americans with Disabilities Act, 42 U.S.C. §12102 *et. seq.* In his pleadings, Plaintiff Gerald Carter alleges that Defendant Northside Independent School District discriminated against him based on his alleged disability, failed to accommodate his alleged disability, retaliated against him because of his alleged disability and constructively terminated him

- 1 -



because of his alleged disability.

3.

This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1343.  This Court has original jurisdiction over the subject matter, an alleged violation of federal law – the Americans with Disabilities Act.  Therefore, this action is removable to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441, being a civil action over which the Federal district courts have original jurisdiction and a case arising under the laws of the United States.

4.

This Notice of Removal is filed within thirty (30) days of receipt by Defendant of Plaintiff's Original Petition, and is therefore timely filed pursuant to the provisions of 28 U.S.C. §1446(b).

5.

A copy of all process, pleadings and orders served on Defendant in this action is attached to this Notice.

WHEREFORE, PREMISES CONSIDERED, Defendant Northside Independent School District prays that this cause be removed to this the United States District Court for the Western District of Texas, San Antonio Division, and that the said Court grant said Defendant all relief, special or general, at law or in equity, to which it shows itself justly entitled.

Respectfully Submitted,

WALSH, ANDERSON, BROWN,
   GALLEGOS & GREEN, P.C.
100 NE Loop 410, Suite 900
San Antonio, Texas 78216
Tel No.  210-979-6633
Fax No. 210-979-7024


By:   /s/ D. Craig Wood
        D. CRAIG WOOD
        Attorney In Charge
        State Bar No.  21888700
        cwood@sa.wabsa.com
By:   /s/ Stacy T. Castillo
        STACY T. CASTILLO
        State Bar No. 00796322
        scastillo@sa.wabsa.com

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been sent by certified mail, return receipt requested on the ___ day of _____ 2011, to:

Mr. Adam Poncio           **CERTIFIED MAIL #7010 2780 0003 1514 5655**
Poncio Law Offices         **RETURN RECEIPT REQUESTED**
5410 Fredericksburg Road, Suite 109
San Antonio, TX  78229-3550


D. CRAIG WOOD

06-15-'11 09:06 FROM-                                                    T-428  P0002/0003 F-360

RUN DATE: 06/14/2011 Bexar County Centralized Docket System Pg: 1   PGM: DKB4900P
RUN TIME: 16:57:04                                                    JCL: SPPROD

─────────────────────────────────────────────────────────────────────

                          *DOCKET INFORMATION*

CAUSE NUM: 369254
DATE FILED: 05/23/2011          COURT: 002         UNPAID BALANCE:      0.00
TYPE OF DOCKET: DAMAGES

                          ***STYLE***
        GERALD CARTER
             VS NORTHSIDE INDEPENDENT SCHOOL DISTRICT

ACCESS: 0          STATUS: PENDING

                     *LITIGANT INFORMATION*
  SEQ  LAST /FIRST /MIDDLE NAME          LIT. TYPE/ATTORNEY      DATE

  00001 CARTER GERALD                    PLAINTIFF               05/23/2011
                                           00001 PONCIO, ADAM

  00002 NORTHSIDE INDEPENDENT SCHOOL DISTRI   DEFENDANT          05/23/2011
                                           00002 NOOD, DONALD CRAIG

  00003 FOLKS JOHN                        REGISTERED AGENT       05/23/2011

                     *SERVICES INFORMATION*
  SEQ  SERVICE TYPE / DATES          DIST    LITIGANT NAME

  00001 CITATION                      150
        ISS: 05/25/2011  REC: 05/27/2011  EXE: 05/27/2011  RET: 06/01/2011

                     *ATTORNEY INFORMATION*
  SEQ DATE FILED .BAR NBR. NAME                  STATUS      DATE

  00001 05/23/2011. 16109800 PONCIO, ADAM          SELECTED   05/25/2011
  00002 06/13/2011  21888700 . NONAD, DONALD CRAIG  SELECTED   06/13/2011

                     *PROCEEDING INFORMATION*
  SEQ   DATE FILED       VOLUME    PAGE    PAGE COUNT

  00001  05/23/2011       0000     0000      0000
         DESC: CIVIL CASE INFORMATION SHEET
  00002  05/23/2011       0000     0000      0000
         DESC: PLAINTIFF ORIGINAL PETITION
  00003  06/06/2011       0000     0000      0000
         DESC: "CITATION SCANNED"
  00004  06/10/2011       0000     0000      0000
         DESC: ANSWER TO ORIGINAL PETITION
              AND AFFIRMATIVE DEFENSES
           NORTHSIDE INDEPENDENT SCHOOL DISTRICT

                     *TRIAL INFORMATION*
  SEQ    DATE FILED    COURT        SETT. DATE TIME     ATTY

06-15-'11 09:06 FROM-                                            T-428  P0003/0003 F-36

RUN DATE: 06/14/2011 Bexar County Centralized Docket System Pg: 2  PGM: DKB4900P
RUN TIME: 16:57:04                                          JCL: SPFRDD

                    *ORDER    INFORMATION*
     SEQ  DATE FILED  JUDGE NAME        VOLUME   PAGE  PAGE CNT  AMOUNT  SDF


                    *BOND    INFORMATION*
     SEQ    DATE FILED  PRINCIPAL

COPY

CAUSE NO. 369254

| | | |
|---|---|---|
| GERALD CARTER | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | AT LAW NO. 2 |
| | § | |
| | § | |
| NORTHSIDE INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
| | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

*FILED IN MY OFFICE*
*GERARD RICKHOFF*
*COUNTY CLERK BEXAR CO.*
*2011 JUN 10  PM 1:31*

## DEFENDANT NORTHSIDE INDEPENDENT SCHOOL
## DISTRICT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant NORTHSIDE INDEPENDENT SCHOOL DISTRICT (hereinafter "District" or "Northside ISD"), in the above-styled and numbered cause, and files its Original Answer and Affirmative Defenses, and shows the Court the following:

### I.
### GENERAL DENIAL

The District denies each and every allegation, all and singular, contained within the Plaintiff's Original Petition. The Texas Rules of Civil Procedure and, in particular, Rule 92, affords citizens and entities of this state certain protections with respect to lawsuits of this type. Accordingly, the District invokes the provisions of that rule and does generally deny the allegations now made against it by the Plaintiff. At any trial of this cause, the District will exercise its legal rights in this regard, and require Plaintiff to carry the burden of proof, which the law imposes upon him, to prove each and every material allegation contained in his pleading by a preponderance of the credible evidence.

*Page 1 of 4*

## II.
## AFFIRMATIVE DEFENSES

The District asserts that Plaintiff has failed to state a claim upon which relief can be granted under the U.S. and Texas Constitutions, or under any state or federal statute, constitutional theory, or legal authority.

Notwithstanding the foregoing, the District asserts that it acted in good faith and with a reasonable belief that its actions relevant to this lawsuit were in compliance with federal and state law. Furthermore, none of the District's actions violated any clearly established statutory or constitutional rights of which a reasonable person would have known.

Notwithstanding the foregoing, the District asserts its entitlement to sovereign immunity, professional immunity and common-law official immunity from liability for claims arising out of Plaintiff's Complaint.

Notwithstanding the foregoing, the Court lacks subject matter jurisdiction over Plaintiff's claims because he failed to exhaust his administrative remedies. To the extent that any of Plaintiff's claims are barred by immunity, were not part of the underlying administrative proceedings, or were not filed within the relevant statute of limitations, the Court lacks subject matter jurisdiction.

Notwithstanding the foregoing, Defendant cannot be held liable for alleged constitutional or statutory violations under the theory of respondeat superior.

Notwithstanding the foregoing, Defendant asserts that it breached no legal duty of any kind owing to the Plaintiff. The District has adopted policies strictly prohibiting discrimination and retaliation of any kind, including harassment, retaliation, or discrimination of employees based on disability, sex, race, national origin, or ethnicity. Northside ISD has no policy, practice

or custom of permitting harassment or discrimination of any employees in the District. Defendant's actions were in compliance with its employment policies and in compliance with applicable federal and state law.

Notwithstanding the foregoing, the District asserts that Plaintiff is not entitled to any of the relief demanded in his pleadings and that Plaintiff is not entitled to damages or costs in any amount. The District further asserts that as a governmental entity, Plaintiff is not entitled to punitive or exemplary damages against it, as a matter of law.

Notwithstanding the foregoing, the District further asserts its right to mitigation of damages and to the extent the Plaintiff has failed to mitigate his damages, that his damages, if any, should be adjusted accordingly.

Notwithstanding the foregoing, the District claims its entitlement to recover attorney's fees and costs of suit pursuant to the Rules of Civil Procedure, Texas Education Code, federal law and judicial interpretation.

Notwithstanding the foregoing, the District asserts the right to raise additional defenses that become apparent throughout the factual development of the case.

### III.
### PRAYER

WHEREFORE PREMISES CONSIDERED, the District prays that Plaintiff take nothing by way of his causes of action brought herein, that the District recover all costs on its behalf expended, and that it be granted all such other and further relief, special or general, at law or in equity, to which it shows itself justly entitled.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
GALLEGOS & GREEN, P.C.
100 NE Loop 410, Suite 900
San Antonio, Texas 78216
Tel No.  210-979-6633
Fax No. 210-979-7024

By:   /s/ D. Craig Wood
     D. CRAIG WOOD
     Attorney In Charge
     State Bar No.  21888700
     cwood@sa.wabsa.com

By:   /s/ Stacy T. Castillo
     STACY T. CASTILLO
     State Bar No. 00796322
     scastillo@sa.wabsa.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant Northside Independent School District's Original and Affirmative Defenses was served in the manner indicated below on the 8th day of June, 2011, to:

Adam Poncio
Poncio Law Offices
5410 Fredericksburg Road, Suite 109
San Antonio, TX  78229-3550
SBN: 16109800

**CERTIFIED MAIL #7010 2780 0003 1514 5631
RETURN RECEIPT REQUESTED**

     /s/ D. Craig Wood
     D. CRAIG WOOD

369254

CAUSE NO. _____

| | | |
|---|---|---|
| GERALD CARTER | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NO. 2 |
| | § | |
| NORTHSIDE INDEPENDENT | § | |
| SCHOOL DISTRICT | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES GERALD CARTER, hereinafter referred to as Plaintiff, complaining of

NORTHSIDE INDEPENDENT SCHOOL DISTRICT, hereinafter referred to as Defendant, and

for cause of action shows unto the Court the following:

### I. PARTIES AND SERVICE

Plaintiff is a resident of Bexar County, Texas.

Defendant, NORTHSIDE INDEPENDENT SCHOOL DISTRICT, is a Texas entity

doing business in Bexar County, Texas, which may be served with process by the clerk of the

court by certified mail, return receipt requested by serving Defendant's Superintendent, John

Folks, 5900 Evers Road, San Antonio, Texas 78238.

### II. JURISDICTION

This court has jurisdiction because the action arises under the Americans with

Disabilities Act, 42 U.S.C. §12102, et al.

### III. VENUE

Venue of this action is proper in Bexar County, Texas in that all or a substantial part of

the events or omissions giving rise to the claims herein occurred principally and/or exclusively

1

in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE ANN. § 15.001.

Moreover, venue is proper in Bexar County, Texas in that the Defendant conducts business in Bexar County.  See TEX. CIV. PRAC. & REM. CODE § 15.002.

## IV.  DISCOVERY

Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

## V.  MISNOMER / MISIDENTIFICATION

In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## VI.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within 90 days after receiving a Dismissal and Notice of Rights from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit A.

Thereafter, Plaintiff received a "Notice of Right to File a Civil Action," dated March 24, 2011 and received by Plaintiff on March 28, 2010, giving Plaintiff Notice of Right to File a Civil Action to sue Defendant within 90 days of its receipt.  A copy is attached hereto as Exhibit "B" and made a part hereof for all intents and purposes.

## VII.  FACTS

Plaintiff faithfully worked for the Defendant since October of 2007 as a teacher at Mary

2

Michael Elementary School.

In November 2009, and January 2010, Plaintiff was counseled on performance issues. On or about March 29, 2010, the Superintendent notified Plaintiff in writing that Plaintiff would not be given a new two (2) year contract. Once Plaintiff's current contract for the 2010 - 2011 school year was completed, Plaintiff would cease to be employed by Defendant. Plaintiff believes he was being discriminated against in violation of the Americans with Disabilities Act of 1990, and filed a Charged of Discrimination with the Equal Employment Opportunity Commission on April 26, 2011, under Charge No. 451-2010-00999.

Since the date of filing his initial Charge of Discrimination, Plaintiff has suffered retaliation. During the week of January 3, 2011, Plaintiff was met with increasing pressure and harassment by Defendant. This occurred in the form of two (2) official reprimands, three (3) observations by supervisors, and two (2) required meetings with administration, all in the first four (4) days back. Plaintiff was told in a meeting that as of January 4, 2011, Defendant would not recommend Plaintiff for renewal of his contract based on Plaintiff's performance and reprimands. The Principal at Mary Michael Elementary made Plaintiff's job increasingly difficult by focusing intently on any infraction that may occur.

Plaintiff has had to endure Defendant's supervisors monitoring his classroom and having to attend weekly meetings to discuss Plaintiff's performance, thereby making Plaintiff's job performance difficult under the intensive supervision of Defendant. Plaintiff was informed by Defendant's attorney of record that the mandatory meeting would cease if Plaintiff dropped his first Charge of Discrimination against Defendant. Plaintiff did not dropped the initial Charge of Discrimination against Defendant and therefore, the mandatory meetings continued.

3

Plaintiff has been diagnosed by his treating physician with clinical depression and anxiety, and most recently with ADHD. The Principal and Vice Principal were both aware of Plaintiff's medical conditions and how these conditions were affecting his job performance. Defendant was fully aware that Plaintiff's clinical depression would intensify if there was an increased anxiety and loss of sleep, as Defendant had received letters from Plaintiff's treating physician, as well as personal appeals from Plaintiff.

In June 2010, Plaintiff, with the direction of his treating physician, requested certain accommodation in order to alleviate the stress he was put under by Defendant, and even went to far as to request he be moved to another facility. Defendant, in turn, denied the accommodations.

Due to the continued stress Plaintiff was being subjected to, on April 22, 2011 Plaintiff has not alternative but to constructively terminate his employment with Defendant.

## VIII.  AMERICANS WITH DISABILITIES ACT

### 42 U.S.C. §12102, et al.

Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA), 42 U.S.C. §12102(1). The Plaintiff's clinical depression and other medical conditions substantially limit some of his life activities. Prior to his constructive termination, and prior to Defendant's harassment and retaliation, Plaintiff was otherwise qualified and able to perform the essential functions of his job as a Teacher.

Plaintiff is an employee within the meaning of the ADA, 42 U.S.C. §12111(4).

Defendant is an employer within the meaning of the ADA, 42 U.S.C. §12111(5).

Defendant violated the ADA by discriminating against Plaintiff through failure to

reasonably accommodate Plaintiff's disability.   Plaintiff could reasonably accommodate the Plaintiff but was unwilling to do so.   Though it was known and obvious to the Defendant that the Plaintiff would require accommodations due to the fact that the Plaintiff continued under the care of a physician for his medical conditions, the Defendant did not make accommodations when the Plaintiff requested them based on his disability and/or based on the perception of his disability.

Additionally, Defendant violated the ADA by intentionally discriminating against Plaintiff because of his disability, 42 U.S.C. §12203.   Defendant's discriminatory acts include retaliating against and causing the constructive termination of Plaintiff for Defendant's failure to accommodate his disability.

## IX. RESPONDEAT SUPERIOR AND RATIFICATION

Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## X. DAMAGES

As a direct and proximate result of the Defendant's conduct and/or omission, Plaintiff suffered the following injuries and damages:

(a)   Mental anguish and emotional distress suffered in the past;

(b)   Mental anguish and emotional distress which, in all reasonable probability, will be suffered in the future;

5

c)      Lost wages, past and future;

## XI. ATTORNEY FEES

Plaintiff is entitled to an award of attorney fees, expert fees and costs under 42 U.S.C. §12205.

## XII. JURY DEMAND

Plaintiff further demands a trial by jury.

## XIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court and believed to exceed $75,000; attorney's fees and expert fees, together with interest, including pre and post judgment interest, as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity. Plaintiff requests a jury trial.

**Respectfully submitted,**

By: _____

**ADAM PONCIO**
**State Bar No. 16109800**
**PONCIO LAW OFFICES, P.C.**
**5410 Fredericksburg Rd., Suite 190**
**San Antonio, TX 78229**
**Tel. (210) 212-7979**
**Fax. (210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**

6

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Gerald L. Carter**<br>**c/o Mr. Adam Poncio**<br>**5410 Fredericksburg Rd, Suite 109**<br>**San Antonio, TX 78229** | From: **San Antonio Field Office**<br>**5410 Fredericksburg Rd**<br>**Suite 200**<br>**San Antonio, TX 78229** |

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)).* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **451-2011-00534** | **Jose Colon-Franqui,**<br>**Supervisor** | **(210) 281-7608** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

ʄᵉⁿ **Pedro Esquivel,**
**Director**

*February 25, 2011*
*(Date Mailed)*

cc: **NORTHSIDE INDEPENDENT SCHOOL DISTRICT**
**Assistant Supervisor for Human Resources**
**5617 Grissom Road**
**San Antonio, TX 78238**

RECEIVED FEB 28 2011

EXHIBIT

A

101 East 15ᵗʰ Street, Room 1441
Austin, TX 78778-0001
www.twc.state.tx.us

(512) 463-2642  Main
(512) 463-2643  Fax
(888) 452-4778 Toll Free



**Texas Workforce Commission**
**Civil Rights Division**

3/24/2011

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

Gerald L. Carter
c/o Adam Poncio
Poncio Law Offices
5410 Fredericksburg Road, Suite 109
San Antonio, TX 78229-3550

Re:   *Gerald L. Carter v. Northside Independent School District*
      EEOC Complaint # 451-2011-00534
      CRD/Local Commission Complaint #

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - *et seq.*

Sincerely,



Jonathan Babiak
Division Director

### RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:

Northside Independent School District
Assistant Supervisor for Human Resources
5617 Grissom Road
San Antonio, TX 78238

RECEIVED MAR 2 8 2011

EXHIBIT
B

Cᴇʀᴛ-C-NCO2(6/92)

*"The Texas Workforce Commission Civil Rights Division is an Equal Opportunity Employer"*

"The State of Texas"                    NO.   369254

GERALD CARTER                                          IN THE COUNTY COURT AT
Plaintiff
vs.                                                    LAW NO.   2

NORTHSIDE INDEPENDENT SCHOOL DISTRICT                  BEXAR COUNTY, TEXAS
Defendant                              NOTICE

**Citation** Directed to: NORTHSIDE INDEPENDENT SCHOOL DISTRICT
BY SERVING ITS SUPERINTENDENT, JOHN FOLKS
                5900 EVERS ROAD
                SAN ANTONIO, TX 78238

"You have been sued.  You may employ an attorney.  If you or your attorney do not
file a written answer with the clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you."    Said petition
was filed on the 23RD day of_____May_____, 2011 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 25TH DAY OF   May
A.D. 2011 .

                                       GERARD RICKHOFF
                                       County Clerk of Bexar County, Texas
                                       Bexar County Courthouse
                                       100 Dolorosa Suite 104
                                       San Antonio, Texas  78205

  ADAM PONCIO
  Attorney/PLAINTIFF
  address 5410 FREDERICKSBURG RD 10             By: _Marie E Poole_Deputy
          SAN ANTONIO, TX 78229-3554              MARIE E. POOLE

                          OFFICER'S RETURN
Came to hand 27 day of  May  ,A.D. 2011 , at_____o'clock_____.M.
and executed the 27 day of may  ,A.D. 2011 , in
at_____o'clock___.M. by delivering to  mc Zamarripa
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at 5900 Evers Rd San Antonio, TX 78238

I traveled           miles in the execution of this citation. fees:       Serving citation
$           Mileage        Total $

                                                              County, Texas
                                       By
The State of Texas
                          NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this_____day of_____, _____

369254
(DKC001)                   NOTARY PUBLIC,   STATE OF TEXAS

SCANNED

RETURN TO COURT

Certified Mail (Article # 7009 2820 0001 7478 4546)

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X MCorgan

☑ Agent
☐ Addressee

B. Received by ( Printed Name )

MCZamarripa

C. Date of Delivery

5/27/11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☑ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☑ Yes

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

NORTHSIDE INDEPENDENT SCHOOL DIST
BY SERVING ITS SUPERINTENDENT
JOHN FOLKS
5900 EVERS ROAD
SAN ANTONIO, TX. 78238

369254

2. Article Number
   (Transfer from service label)

7009 2820 0001 7478 4546

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees F
USPS
Permit No. G-

• Sender: Please print your name, address, and ZIP+4 in this box •

CIVIL CENTRAL FILING
ATTN: MARIE
CASE: 369254
CIT
05/25/2011

GERRY RICKHOFF COUNTY CLERK
BEXAR COUNTY COURTHOUSE
100 DOLOROSA, SUITE 108
SAN ANTONIO, TEXAS 78205-3083

"The State of Texas"          NO.   369254

GERALD CARTER
Plaintiff
vs.

NORTHSIDE INDEPENDENT SCHOOL DISTRICT
Defendant

IN THE COUNTY COURT AT

LAW NO.   2

BEXAR COUNTY, TEXAS

**NOTICE**

**Citation** Directed to: NORTHSIDE INDEPENDENT SCHOOL DISTRICT
BY SERVING ITS SUPERINTENDENT, JOHN FOLKS
          5900 EVERS ROAD
          SAN ANTONIO, TX 78238

"You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."    Said petition was filed on the  23RD  day of____May____, 2011 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  25TH  DAY OF  May
A.D., 2011 .

GERARD RICKHOFF
County Clerk of Bexar County, Texas
Bexar County Courthouse
100 Dolorosa Suite 104
San Antonio, Texas  78205

ADAM PONCIO
Attorney/PLAINTIFF
address 5410 FREDERICKSBURG RD 10
          SAN ANTONIO, TX 78229-3554

By: _____Deputy
          MARIE E. POOLE

---

OFFICER'S RETURN

Came to hand_____day of_____,A.D. _____, at_____o'clock_____.M.
and executed the_____day of_____,A.D. _____, in_____
at_____o'clock____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at _____

I traveled_____miles in the execution of this citation. fees:      Serving citation
$ _____   Mileage          Total $ _____

_____

_____County, Texas
By_____

The State of Texas

**NON - PEACE OFFICER VERIFICATION**

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this_____day of_____, _____.

369254
(DKC001)

_____
      NOTARY PUBLIC,   STATE OF TEXAS

FILE COPY



# County Clerk - Civil Central Filing

Receipt

**Duplicate Receipt New Case**

**Transaction Status: Valid**

| Batch Day | |
|---|---|
| **Date: 5/24/2011** | **05/24/2011** | **Time: 12:18:56 PM** |

Receipt Date: 05/24/2011

**Gerard Rickhoff**

County Clerk - Civil Central Filing

Bexar County

ADAM  PONCIO

5410 FREDERICKSBURG RD

109

SAN ANTONIO, TX 78229

**Court Number:    2**

Style:

GERALD CARTER

vs

NORTHSIDE INDEPENDENT SCHOOL DISTRICT

| | |
|---|---|
| **Cause Number:** | 369254 |
| **Receipt Number:** | 00948536 |
| **Transaction Number:** | 28 |
| **User ID:** | CC18591 |
| **WorkStation** | D911KMJ1 |
| **Batch Number** | 26628 |
| **Department Code:** | CCPP |
| **Payment Type Code:** | 3073 |
| **Payment Type Name:** | ccORP Cert Mail Jury |
| **Court Date:** | |
| **Court Time: :** | |

## Amount for this Receipt: $294.00

| Transaction # | Office | Tender Name | Tender Code | Date of Check | Amount |
|---|---|---|---|---|---|
| 28 | CHCC | Check (Endors) | CK | 5/23/2011 12:18:21 PM | $294.00 |
| | | | | **Transaction Total** | **$294.00** |

| Allocation Names And Amounts | | | |
|---|---|---|---|
| alADRS | $15.00 | alJSF2 | $42.00 |
| alAPLC | $5.00 | alBCLS (County 5%) | $0.50 |
| ccCertified Mail | $60.00 | ccClerk - New Filing | $40.00 |
| alCSF | $5.00 | ccJSF | $40.00 |
| alJury Demand | $22.00 | alLaw Library | $15.00 |
| alOCR | $15.00 | alRMF | $5.00 |
| alBCLS (State 95%) | $9.50 | al CH/RENOV FEE | $15.00 |
| al Rec Preservation Fee | $5.00 | | |

*Report Date: 5/24/2011 12:18:55 PM*                                           Page 1 of 1

# Gerry Rickhoff



COUNTY CLERK        BEXAR COUNTY



BEXAR COUNTY COURT HOUSE
SAN ANTONIO, TEXAS 78205

CASE NO. 369254

GERALD CARTER _____        DATE: _____

VS.
NORTHSIDE INDEPENDENT
SCHOOL DISTRICT

Please list name and service type for each defendant.

CITATION:

1. NAME  NORTHSIDE INDEPENDENT SCHOOL DISTRICT, by Registered Agent for Service:
   Superintendent, John Folks, 5900 Evers Road, San Antonio, Texas 78238.
   - A. _____ Private Process
   - B. _____ Sheriff
   - C. ✓ Certified Mail
   - D. _____ Out of County,
     Mail to Attorney: _____
     Address: _____

2. NAME _____
   - A. _____ Private Process
   - B. _____ Sheriff
   - C. _____ Certified Mail
   - D. _____ Out of County,
     Mail to Attorney: _____
     Address: _____

3. NAME _____
   - A. _____ Private Process
   - B. _____ Sheriff
   - C. _____ Certified Mail
   - D. _____ Out of County,
     Mail to Attorney: _____
     Address: _____

4. NAME _____
   - A. _____ Private Process
   - B. _____ Sheriff
   - C. _____ Certified Mail
   - D. _____ Out of County,
     Mail to Attorney: _____
     Address: _____

CIVIL CASE INFORMATION SHEET

369254

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED  GERALD CARTER VS. NORTHSIDE INDEPENDENT SCHOOL DISTRICT
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Adam Poncio  Email: salaw@msn.com | Plaintiff(s)/Petitioner(s): Gerald Carter | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| Address: 5410 Fredericksburg Rd. Suite 109  Telephone: 210-212-7979 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio, Tx 78229  Fax: 210-212-5880 | Defendant(s)/Respondent(s): Northside Independent School District | Custodial Parent: _____ |
| Signature:  State Bar No: 16109800 | *(Attach additional page as necessary to list all parties)* | Non-Custodial Parent: _____  Presumed Father: _____ |

2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

**Civil**

**Contract**

*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:
_____

**Injury or Damage**

☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional
  Liability:
_____

☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability
  List Product:
_____

☐ Other Injury or Damage:
_____

**Real Property**

☐ Eminent Domain/
  Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:
_____

**Related to Criminal Matters**

☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—
  Pre-indictment
☐ Other: _____

**Family Law**

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign
  Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities
  of Minority
☐ Other: _____

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with
  Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental
  Rights
☐ Other Parent-Child:

**Employment**
☒ Discrimination
☒ Retaliation
☒ Termination
☐ Workers' Compensation
☐ Other Employment:
_____

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair
  Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property

☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other: _____

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action

☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment

☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover