## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GERALD CARTER** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:11-CV-492 FB** |
| | § | |
| | § | |
| **NORTHSIDE INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### NOTICE OF REMOVAL AND PLAINTIFF'S MOTION TO REMAND,
### AND ALTERNATIVE MOTION TO ENTER *SUA SPONTE* ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

   Now comes Plaintiff Gerald Carter in the above styled and numbered cause, and files this his Response to Defendant's Notice of Removal and Plaintiff's Motion to Remand this cause to the state court from which it originated, and/or Alternative Motion to Enter *Sua Sponte* order Remanding this matter to state court, and as grounds therefor would respectfully show the Court the following:

### I.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL

1.   Plaintiff admits the allegations of Paragraph 2 of the Notice of Removal filed by Defendant Northside Independent School District ("Northside"), in that Plaintiff asserted a claim of discrimination and retaliation based on disability but denies that it was properly removed pursuant to 28 U.S.C. 1441(a).  Plaintiff denies that there was an attempt to bring his claim pursuant to the Federal Americans with Disabilities Act.  Rather, the intent was to bring the claim under the Texas Labor Code for discrimination.

2.   Plaintiff denies the allegations of Paragraph 3.

3.   Plaintiff admits the allegations of paragraph 4 but denies that there is jurisdiction in the Western District as the case was improperly removed.

4.      Plaintiff brings only state law claims and Defendant has not properly

demonstrated that the amount in controversy exceeds $75,000.00.  Nowhere does

Plaintiff make this representation.  Rather, Plaintiff simply "pleads for actual

damages for the above damage elements in an amount the jury deems reasonable

under the circumstances, which exceed the minimum jurisdictional limits of the

Court." Defendant has failed in its burden of establishing facts in regard to the

jurisdictional amount in controversy.

5.      For further response as to all allegations contained in the Notice of Removal,

Plaintiff avers and alleges as follows:

6.      This case was originally filed in the County Court At Law No. 2 of Bexar County,

Texas and assigned cause number 369254.  Plaintiff's Original Petition alleged

only causes of action based on violations of the Texas Labor Code. (a true and

correct copy of Plaintiff's Original Petition is attached hereto as Exhibit "A").

7.      On or about June 17, 2011, Defendant removed this case based on allegations that

the case could have been filed originally in Federal Court pursuant to 28 U.S.C. §

1441 alleging that Plaintiff filed a claim under the Americans With Disabilities

Act and alleging that the claim raised a federal question.  Defendant did not

address the issue of the amount in controversy or address whether the amounts in

controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## II.

## PLAINTIFF'S ARGUMENTS SUPPORTING REMAND

A.      **THIS COURT IS WITHOUT JURISDICTION - DEFENDANT HAS NOT MET THEIR BURDEN**

8.      Federal courts are courts of limited jurisdiction by origin and design.  Oliver v.

Trunkline Gas Co., 789 F.2d 341, 343 (5th Cir. 1986).  As a result, there is an

initial presumption that federal courts lack subject matter jurisdiction to resolve a

particular suit. Kokkonen v. Guardian Life Ins. Co., 114 S.Ct. 1673, 1675 (1994).

9.     The removal statutes are construed restrictively, so as to limit removal jurisdiction.  Doubts as to removeability are resolved in favor of remanding the case to the state court.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); Kearbow v. Kearbow, 421 F.Supp. 1253 (N.D. Tex. 1976).  Thus, if this Court has any doubts as to removeability, they should be resolved in favor of remanding this case to the state court.

10.    In making its determination, the court resolves "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.  Delgado v. Shell Oil Co., 890 F. Supp. 1324, 1341 (S.D. Tex. 1995), aff'd, 231 F. 3d 165 (5th Cir. 2000), cert. denied, 532 U.S. 972 (2001); Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992).

**B.**    **THIS COURT IS WITHOUT JURISDICTION - DEFENDANT HAS NOT MET THEIR BURDEN OF ESTABLISHING THE AMOUNT IN CONTROVERSY**

11.    This case was removed improvidently and without jurisdiction; therefore, requiring remand back to state court.  The removing party bears the burden of establishing the basis for federal jurisdiction.  28 U.S.C. § 1441; Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252, 253-54 (5th Cir.1961).  If a plaintiff seeks an amount in excess of the jurisdictional threshold, then the legal certainty test applies and the defendant's burden of establishing that the amount in controversy requirement is met in a removal case is a light one.  However, if the plaintiff seeks an unspecified amount, then the legal certainty test does not apply and the defendant must show by a preponderance of the evidence that the plaintiff's claim exceeds the jurisdictional threshold.

12.    Plaintiff in this case seeks damages in an unspecified amount; therefore, Defendant on removal is required to show by a preponderance of the evidence that the Plaintiff's claims exceed the jurisdictional amount.  Defendant has not

properly demonstrated that the amount in controversy exceeds $75,000.00.
Nowhere does Plaintiff make this representation. Rather, Plaintiff simply "pleads for damages as allowed by the Texas Labor Code in an amount within the jurisdictional limits of the court...".

13.     Plaintiff has demonstrated a lack of jurisdiction, for which there is no time limit to remand. 28 U.S.C. 1447©. Since Defendant has not addressed the damage amount nor shown that the amount in damages that Plaintiff seeks are in excess of the jurisdictional amount, the requirements of 28 U.S.C. 1332 have not been satisfied. This case was removed improvidently and without jurisdiction; therefore, this cause must be remanded back to state court where it originated.

C.      **THIS COURT LACKS SUBJECT MATTER JURISDICTION - THERE IS NO FEDERAL QUESTION**

14.     This case was removed improvidently and without jurisdiction; therefore, requiring remand back to state court. The removing party bears the burden of establishing the basis for federal jurisdiction. 28 U.S.C. § 1441; Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252, 253-54 (5th Cir.1961).

15.     On or about July 7, 2011, Defendant removed this case based on allegations that the case could have been filed originally in Federal Court pursuant to 28 U.S.C. § 1441 alleging that Plaintiff filed a claim under the Americans With Disabilities Act (while admitting Plaintiff did not cite the statute), and alleging that the claim raised a federal question (see Notice of Removal at paragraph 5 Document 1).

16.     The federal court lacks subject matter jurisdiction and the case does not arise under federal law. When there is no subject matter jurisdiction, remand is mandatory. 28 U.S.C. section 1447©; International Private Prot. League v. Tulane Educ. Fund, 500 U.S. 72, 89, 111 S.Ct. 1700, 1710 (1991); Anusbigian v. Trugreen/Chemlawn, Inc., 72 F.3d 1253, 1254 (6th Cir. 1996).

17.     Plaintiff filed suit in this matter on May 23, 2011 (see Original Petition attached

as Exhibit "A").  In his original petition at paragraph VI entitled "Exhaustion of Administrative Remedies", Plaintiff alleges as follows:

> "Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit A.
> "Thereafter, Plaintiff received a "Notice of Right to File a Civil Action," dated March 24, 2011 and received by Plaintiff on March 28, 2010 [sic], giving Plaintiff notice of Plaintiff's right to sue Defendant within 90 days [sic] of its receipt.  A copy is attached hereto as Exhibit "B" and made a part hereof for all intents and purposes."

See Original Petition attached as Exhibit "A" at paragraph VI (the second paragraph should have listed the date received as March 28, 2011 and Plaintiff was provided with 60 days to file suit).

18.  Plaintiff received her state Texas Workforce Commission right to sue letter on March 288, 2011, requiring that suit be filed within 60 days of its receipt (see exhibit B to Original petition, TWC Right to Sue Letter).  In order to assert state claims, such as a disability claim under the Texas Labor Code, suit had to have been filed no later than May 27, 2011.  Suit was filed on May 23, 2011.

19.  Plaintiff's intent was to file state claims under the Texas Labor Code and bring suit in state court, as evidenced by the paragraphs with regard to venue at paragraph III and the Discovery provision as provided by the Texas Rules of Civil Procedure at paragraph IV.  This The federal court lacks subject matter jurisdiction and the case does not arise under federal law.

20.  Plaintiff's intent was only to raise claims under the Texas Labor Code.  While there is a reference in the petition to the Americans With Disabilities Act, the language was so indicated because the definition of "disability" and requirements under the Texas Labor Code was modified to conform with the definition of "disability" under the ADA.

21.  In 1990, Congress enacted the Americans with Disabilities Act (ADA). Pub. L.

No. 101-336, 104 Stat. 327 (codified at 42 U.S.C. §§ 12101 -12213). Under Title I of the ADA, employers and other covered entities are generally prohibited from discriminating "against a qualified individual with a disability because of the disability of such individual" in regard to hiring and other employment actions. 42 U.S.C. § 12112(a).   Section 12102(2) of the ADA provides: "The term 'disability' means, with respect to an individual--(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or © being regarded as having such an impairment." *Id.* § 12102(2); see also <u>Sutton v. United Air Lines, Inc.</u>, 527 U.S. 471, 478, 144 L. Ed. 2d 450, 119 S. Ct. 2139 (1999) ("To fall within this definition one must have an actual disability (subsection (A)), have a record of a disability (subsection (B)), or be regarded as having one (subsection ©).").

22.   In 1993, the Texas Legislature amended "the Commission on Human Rights Act to bring it into compliance with the Civil Rights Act of 1991 and the Americans with Disabilities Act." SENATE RESEARCH CTR., BILL ANALYSIS (Aug. 4, 1993), Tex. H.B. 860, 73rd Leg., R.S. (1993) (available at Legislative Reference Library).  The enactment modified the definition of "disability" contained in the CHRA to conform it with the ADA definition. See Act of May 14, 1993, 73rd Leg., R.S., ch. 276, § 2, sec. 2.01(4), 1993 Tex. Gen. Laws 1285, 1285.

23.   The references to the ADA were made to demonstrate this use of the word "disabled" or "disability" and requirements under the ADA adopted by the Texas Labor Code.  One express purpose of chapter 21 of the Labor Code is to "provide for the execution of the policies embodied in Title I of the Americans with Disabilities Act of 1990 and its subsequent amendments (42 U.S.C. Section 12101 et seq.)." TEX. LAB. CODE § 21.001(3).  Moreover, as discussed in part I, the Legislature in 1993 fully incorporated the ADA definition of the term "disability"

into chapter 21. See <u>NME Hosps., Inc. v. Rennels</u>, 994 S.W.2d 142, 144 (Tex. 1999) ("The [Commission on Human Rights] Act purports to correlate 'state law with federal law in the area of discrimination in employment.'") (quoting <u>Schroeder v. Tex. Iron Works, Inc.</u>, 813 S.W.2d 483, 485). Therefore, both the federal court decisions interpreting the ADA and the federal administrative regulations regarding the ADA guide the Texas courts' interpretation of the definition of "disability" contained in chapter 21 of the Texas Labor Code. See <u>Quantum Chem. Corp. v. Toennies</u>, 47 S.W.3d 473, 476 (Tex. 2001) ("Analogous federal statutes and the cases interpreting them guide our reading of the TCHRA."). The court lacks subject matter jurisdiction and the case should be remanded.

24.     Alternatively, Plaintiff requests leave to the extent necessary to amend his complaint to clarify his position that his petition and claims were only based on state law, in which case the federal court may remand the case to state court. <u>Carnegie-Mellon Univ. V. Cohill</u>, 484 U.S. 343, 357, 108 S.Ct. 614, 622-23 (1988); <u>Harless v. CSX Hotels, Inc.</u>, 389 F.3d 444, 448 (4th Cir. 2004). Plaintiff requests that the court grant leave to amend his complaint and leave to file the First Amended Complaint attached as Exhibit "B" hereto and then remand.

### III.

### PLAINTIFF'S ALTERNATIVE REQUEST FOR THE COURT TO REMAND *SUA SPONTE*

25.     In light of the pleadings, this court has grounds and authority to remand *sua sponte* to state court.

26.     As a result, the Plaintiff requests that the court *sua sponte* consider its jurisdiction and the necessity to remand this case, and remand this cause to the Bexar County Court At Law No. 2 in Bexar County, Texas.

### IV.

## PRAYER FOR RELIEF

27.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court grant
this Motion to Remand and remand this case to the Bexar County Court At Law
No. 2.  Alternatively, Plaintiff prays that the court consider its jurisdiction and the
necessity to remand *sua sponte*, and remand this case.  Alternatively, Plaintiff
prays that the court grant leave for Plaintiff to amend his petition to clarify his
claims and allow leave to file the First Amended Complaint attached as exhibit
"B" and remand.  Plaintiff further prays for such other and further relief, both in
law and in equity, including costs, fees and expenses, to which Plaintiff may be
justly entitled.

Respectfully submitted,

**ADAM PONCIO**
**State Bar No. 16109800**
**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:     (210) 212-7979**
**Facsimile:      (210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this ___31ˢᵗ___ day of January 2012, I electronically filed the foregoing document with the Clerk of Court using the CMECF system which will send notification of such filing to the following:

D. Craig Wood
Walsh, Anderson, Brown,
Gallegos & Green, P.C.
100 N.E. Loop 410, Suite 900
San Antonio, Texas 78216
(210) 979-6633 Telephone
(210) 979-7024 Facsimile

_____
**ADAM PONCIO**

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel has conferred with counsel for Defendant in this action regarding the substance of this motion.  Counsel could not reach agreement regarding the disposition of Plaintiff's motion.

_____
ADAM PONCIO

# EXHIBIT "A"

369254

CAUSE NO. _____

| | | |
|---|---|---|
| GERALD CARTER | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NO. 2 |
| | § | |
| NORTHSIDE INDEPENDENT | § | |
| SCHOOL DISTRICT | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** GERALD CARTER, hereinafter referred to as Plaintiff, complaining of

NORTHSIDE INDEPENDENT SCHOOL DISTRICT, hereinafter referred to as Defendant, and

for cause of action shows unto the Court the following:

### I. PARTIES AND SERVICE

Plaintiff is a resident of Bexar County, Texas.

Defendant, NORTHSIDE INDEPENDENT SCHOOL DISTRICT, is a Texas entity

doing business in Bexar County, Texas, which may be served with process by the clerk of the

court by certified mail, return receipt requested by serving Defendant's Superintendent, John

Folks, 5900 Evers Road, San Antonio, Texas 78238.

### II. JURISDICTION

This court has jurisdiction because the action arises under the Americans with

Disabilities Act, 42 U.S.C. §12102, et al.

### III. VENUE

Venue of this action is proper in Bexar County, Texas in that all or a substantial part of

the events or omissions giving rise to the claims herein occurred principally and/or exclusively

1

in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE ANN. § 15.001.

Moreover, venue is proper in Bexar County, Texas in that the Defendant conducts business in Bexar County. See TEX. CIV. PRAC. & REM. CODE § 15.002.

## IV. DISCOVERY

Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

## V. MISNOMER / MISIDENTIFICATION

In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within 90 days after receiving a Dismissal and Notice of Rights from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit A.

Thereafter, Plaintiff received a "Notice of Right to File a Civil Action," dated March 24, 2011 and received by Plaintiff on March 28, 2010, giving Plaintiff Notice of Right to File a Civil Action to sue Defendant within 90 days of its receipt.  A copy is attached hereto as Exhibit "B" and made a part hereof for all intents and purposes.

## VII. FACTS

Plaintiff faithfully worked for the Defendant since October of 2007 as a teacher at Mary

Michael Elementary School.

In November 2009, and January 2010, Plaintiff was counseled on performance issues. On or about March 29, 2010, the Superintendent notified Plaintiff in writing that Plaintiff would not be given a new two (2) year contract. Once Plaintiff's current contract for the 2010 - 2011 school year was completed, Plaintiff would cease to be employed by Defendant. Plaintiff believes he was being discriminated against in violation of the Americans with Disabilities Act of 1990, and filed a Charged of Discrimination with the Equal Employment Opportunity Commission on April 26, 2011, under Charge No. 451-2010-00999.

Since the date of filing his initial Charge of Discrimination, Plaintiff has suffered retaliation. During the week of January 3, 2011, Plaintiff was met with increasing pressure and harassment by Defendant. This occurred in the form of two (2) official reprimands, three (3) observations by supervisors, and two (2) required meetings with administration, all in the first four (4) days back. Plaintiff was told in a meeting that as of January 4, 2011, Defendant would not recommend Plaintiff for renewal of his contract based on Plaintiff's performance and reprimands. The Principal at Mary Michael Elementary made Plaintiff's job increasingly difficult by focusing intently on any infraction that may occur.

Plaintiff has had to endure Defendant's supervisors monitoring his classroom and having to attend weekly meetings to discuss Plaintiff's performance, thereby making Plaintiff's job performance difficult under the intensive supervision of Defendant. Plaintiff was informed by Defendant's attorney of record that the mandatory meeting would cease if Plaintiff dropped his first Charge of Discrimination against Defendant. Plaintiff did not dropped the initial Charge of Discrimination against Defendant and therefore, the mandatory meetings continued.

3

Plaintiff has been diagnosed by his treating physician with clinical depression and anxiety, and most recently with ADHD. The Principal and Vice Principal were both aware of Plaintiff's medical conditions and how these conditions were affecting his job performance. Defendant was fully aware that Plaintiff's clinical depression would intensify if there was an increased anxiety and loss of sleep, as Defendant had received letters from Plaintiff's treating physician, as well as personal appeals from Plaintiff.

In June 2010, Plaintiff, with the direction of his treating physician, requested certain accommodation in order to alleviate the stress he was put under by Defendant, and even went to far as to request he be moved to another facility. Defendant, in turn, denied the accommodations.

Due to the continued stress Plaintiff was being subjected to, on April 22, 2011 Plaintiff has not alternative but to constructively terminate his employment with Defendant.

## VIII. AMERICANS WITH DISABILITIES ACT

### 42 U.S.C. §12102, et al.

Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA), 42 U.S.C. §12102(1). The Plaintiff's clinical depression and other medical conditions substantially limit some of his life activities. Prior to his constructive termination, and prior to Defendant's harassment and retaliation, Plaintiff was otherwise qualified and able to perform the essential functions of his job as a Teacher.

Plaintiff is an employee within the meaning of the ADA, 42 U.S.C. §12111(4).

Defendant is an employer within the meaning of the ADA, 42 U.S.C. §12111(5).

Defendant violated the ADA by discriminating against Plaintiff through failure to

reasonably accommodate Plaintiff's disability.   Plaintiff could reasonably accommodate the Plaintiff but was unwilling to do so.  Though it was known and obvious to the Defendant that the Plaintiff would require accommodations due to the fact that the Plaintiff continued under the care of a physician for his medical conditions, the Defendant did not make accommodations when the Plaintiff requested them based on his disability and/or based on the perception of his disability.

Additionally, Defendant violated the ADA by intentionally discriminating against Plaintiff because of his disability, 42 U.S.C. §12203.  Defendant's discriminatory acts include retaliating against and causing the constructive termination of Plaintiff for Defendant's failure to accommodate his disability.

## IX.  RESPONDEAT SUPERIOR AND RATIFICATION

Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## X.  DAMAGES

As a direct and proximate result of the Defendant's conduct and/or omission, Plaintiff suffered the following injuries and damages:

(a)      Mental anguish and emotional distress suffered in the past;

(b)      Mental anguish and emotional distress which, in all reasonable probability, will be suffered in the future;

c)      Lost wages, past and future;

## XI. ATTORNEY FEES

Plaintiff is entitled to an award of attorney fees, expert fees and costs under 42 U.S.C. §12205.

## XII. JURY DEMAND

Plaintiff further demands a trial by jury.

## XIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court and believed to exceed $75,000; attorney's fees and expert fees, together with interest, including pre and post judgment interest, as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity. Plaintiff requests a jury trial.

**Respectfully submitted,**

By: _____

**ADAM PONCIO**
**State Bar No. 16109800**
**PONCIO LAW OFFICES, P.C.**
**5410 Fredericksburg Rd., Suite 190**
**San Antonio, TX 78229**
**Tel. (210) 212-7979**
**Fax. (210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**

6

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Gerald L. Carter<br>c/o Mr. Adam Poncio<br>5410 Fredericksburg Rd, Suite 109<br>San Antonio, TX 78229 | From: | San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2011-00534 | Jose Colon-Franqui,<br>Supervisor | (210) 281-7608 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_____
Pedro Esquivel,
Director

February 25, 2011
(Date Mailed)

cc:   **NORTHSIDE INDEPENDENT SCHOOL DISTRICT**
**Assistant Supervisor for Human Resources**
**5617 Grissom Road**
**San Antonio, TX 78238**

RECEIVED FEB 28 2011

**EXHIBIT**

A

101 East 15th Street, Room 144T
Austin, TX 78778-0001
www.twc.state.tx.us

(512) 463-2642 Main
(512) 463-2643 Fax
(888) 452-4778 Toll Free



## Texas Workforce Commission
## Civil Rights Division

3/24/2011

### NOTICE OF RIGHT TO FILE A CIVIL ACTION

*Gerald L. Carter*
c/o Adam Poncio
Poncio Law Offices
5410 Fredericksburg Road, Suite 109
San Antonio, TX 78229-3550

Re:   *Gerald L. Carter v. Northside Independent School District*
      EEOC Complaint # 451-2011-00534
      CRD/Local Commission Complaint #

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

f your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation,* 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

Jonathan Babiak
Division Director

### RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:

Northside Independent School District
Assistant Supervisor for Human Resources
5617 Grissom Road
San Antonio, TX 78238

RECEIVED MAR 28 2011

**EXHIBIT**
**B**

CERT-C-NCO2(6/92)

*"The Texas Workforce Commission Civil Rights Division is an Equal Opportunity Employer"*

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GERALD CARTER** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:11-CV-492 FB** |
| | § | |
| | § | |
| **NORTHSIDE INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** GERALD CARTER, hereinafter referred to as Plaintiff, complaining of

NORTHSIDE INDEPENDENT SCHOOL DISTRICT, hereinafter referred to as Defendant, and

for cause of action shows unto the Court the following:

### I. PARTIES AND SERVICE

1.      Plaintiff is a resident of Bexar County, Texas.

2.      Defendant, NORTHSIDE INDEPENDENT SCHOOL DISTRICT, is a Texas entity

doing business in Bexar County, Texas, which has been served and answered.

### II. VENUE

3.      Venue of this action is proper in Bexar County, Texas in that all or a substantial part of

the events or omissions giving rise to the claims herein occurred principally and/or exclusively

in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE ANN. § 15.001.

4.      Moreover, venue is proper in Bexar County, Texas in that the Defendant conducts

business in Bexar County.  See TEX. CIV. PRAC. & REM. CODE § 15.002.

### III. DISCOVERY

5.    Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

### IV. MISNOMER / MISIDENTIFICATION

6.    In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.   Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.    Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within 90 days after receiving a Dismissal and Notice of Rights from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit A.

8.    Thereafter, Plaintiff received a "Notice of Right to File a Civil Action," dated March 24, 2011 and received by Plaintiff on March 28, 2011, giving Plaintiff Notice of Right to File a Civil Action to sue Defendant within 60 days of its receipt.  A copy is attached hereto as Exhibit "B" and made a part hereof for all intents and purposes.

### VI. FACTS

9.    Plaintiff faithfully worked for the Defendant since October of 2007 as a teacher at Mary Michael Elementary School.

10.    In November 2009, and January 2010, Plaintiff was counseled on performance issues. On or about March 29, 2010, the Superintendent notified Plaintiff in writing that Plaintiff would not be given a new two (2) year contract.  Once Plaintiff's current contract for the 2010 - 2011

school year was completed, Plaintiff would cease to be employed by Defendant.   Plaintiff believes he was being discriminated against in violation of the Americans with Disabilities Act of 1990, and filed a Charged of Discrimination with the Equal Employment Opportunity Commission on April 26, 2011, under Charge No. 451-2010-00999.

11.    Since the date of filing his initial Charge of Discrimination, Plaintiff has suffered retaliation.  During the week of January 3, 2011, Plaintiff was met with increasing pressure and harassment by Defendant.  This occurred in the form of two (2) official reprimands, three (3) observations by supervisors, and two (2) required meetings with administration, all in the first four (4) days back.  Plaintiff was told in a meeting that as of January 4, 2011, Defendant would not recommend Plaintiff for renewal of his contract based on Plaintiff's performance and reprimands.   The Principal at Mary Michael Elementary made Plaintiff's job increasingly difficult by focusing intently on any infraction that may occur.

12.    Plaintiff has had to endure Defendant's supervisors monitoring his classroom and having to attend weekly meetings to discuss Plaintiff's performance, thereby making Plaintiff's job performance difficult under the intensive supervision of Defendant.  Plaintiff was informed by Defendant's attorney of record that the mandatory meeting would cease if Plaintiff dropped his first Charge of Discrimination against Defendant.  Plaintiff did not dropped the initial Charge of Discrimination against Defendant and therefore, the mandatory meetings continued.

13.    Plaintiff has been diagnosed by his treating physician with clinical depression and anxiety, and most recently with ADHD.  The Principal and Vice Principal were both aware of Plaintiff's medical conditions and how these conditions were affecting his job performance.  Defendant was fully aware that Plaintiff's clinical depression would intensify if there was an

increased anxiety and loss of sleep, as Defendant had received letters from Plaintiff's treating physician, as well as personal appeals from Plaintiff.

14.     In June 2010, Plaintiff, with the direction of his treating physician, requested certain accommodation in order to alleviate the stress he was put under by Defendant, and even went to far as to request he be moved to another facility.   Defendant, in turn, denied the accommodations.

15.     Due to the continued stress Plaintiff was being subjected to, on April 22, 2011 Plaintiff has not alternative but to constructively terminate his employment with Defendant.

## VII.  DISABILITY DISCRIMINATION AND RETALIATION

16.     Plaintiff is disabled, as defined by the Texas Labor Code, which has adopted the definitions under the Americans with Disabilities Act (ADA).  The Plaintiff's clinical depression and other medical conditions substantially limit some of his life activities.   Prior to his constructive termination, and prior to Defendant's harassment and retaliation, Plaintiff was otherwise qualified and able to perform the essential functions of his job as a Teacher.

17.     Plaintiff is/was an employee.

18.     Defendant is/was an employer.

19.     Defendant violated the Labor Code by discriminating against Plaintiff through failure to reasonably accommodate Plaintiff's disability.  Plaintiff could reasonably accommodate the Plaintiff but was unwilling to do so.  Though it was known and obvious to the Defendant that the Plaintiff would require accommodations due to the fact that the Plaintiff continued under the care of a physician for his medical conditions, the Defendant did not make accommodations when the Plaintiff requested them based on his disability and/or based on the perception of his disability.

20.     Additionally, Defendant intentionally discriminated against Plaintiff because of his disability.   Defendant's discriminatory acts include retaliating against and causing the constructive termination of Plaintiff for Defendant's failure to accommodate his disability.

## VIII. RESPONDEAT SUPERIOR AND RATIFICATION

21.     Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## IX. DAMAGES

22.     As a direct and proximate result of the Defendant's conduct and/or omission, Plaintiff suffered the following injuries and damages:

    (a)     Mental anguish and emotional distress suffered in the past;

    (b)     Mental anguish and emotional distress which, in all reasonable probability, will be suffered in the future;

    ©     Lost wages, past and future;

## X. ATTORNEY FEES

23.     Plaintiff is entitled to an award of attorney fees, expert fees and costs.

## XI. JURY DEMAND

24.     Plaintiff further demands a trial by jury.

## XII. PRAYER

25.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; attorney's fees and expert fees, together with interest, including pre and post judgment interest, as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.  Plaintiff requests a jury trial.

Respectfully submitted,

By: _____

**ADAM PONCIO**
**State Bar No. 16109800**
**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 190**
**San Antonio, TX  78229**
**Tel. (210) 212-7979**
**Fax. (210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this **31ˢᵗ** day of January 2012, I electronically filed the foregoing document with the Clerk of Court using the CMECF system which will send notification of such filing to the following:

D. Craig Wood
Walsh, Anderson, Brown,
Gallegos & Green, P.C.
100 N.E. Loop 410, Suite 900
San Antonio, Texas 78216
(210) 979-6633 Telephone
(210) 979-7024 Facsimile

**ADAM PONCIO**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

GERALD CARTER                              §
                                           §
V.                                         §        CIVIL ACTION NO. 5:11-CV-492 FB
                                           §
                                           §
NORTHSIDE INDEPENDENT                      §
SCHOOL DISTRICT                            §

## ORDER REMANDING CASE TO STATE COURT

Be IT REMEMBERED that on this day came on to be heard Plaintiff's Response to Defendant's Notice of Removal and Plaintiff's Motion To Remand in the above styled and numbered cause. After considering the motion and the arguments of counsel, this Court is of the opinion that Plaintiff's Motion to Remand should be granted.

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Remand be, and is hereby, GRANTED.

It is therefore ORDERED that this case is hereby remanded to the Bexar County Court At Law No. 2, Bexar County, Texas.

SIGNED this _____ day of _____, 2012.


_____
United States District Judge