**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GERALD CARTER** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.  5:11-cv-492 FB** |
| | § | |
| **NORTHSIDE INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| | § | |
| **DEFENDANT** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE**
**TO DEFENDANT'S NOTICE OF REMOVAL AND PLAINTIFF'S MOTION**
**TO REMAND AND ALTERNATIVE MOTION TO ENTER SUA SPONTE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES NORTHSIDE INDEPENDENT SCHOOL DISTRICT, Defendant in the above-styled and numbered cause, and submits this its Response to Plaintiff's Response to Defendant's Notice of Removal and Plaintiff's Motion to Remand, and Alternative Motion to Enter Sua Sponte Order (hereinafter referred to as "Plaintiff's Motion to Remand"), which Plaintiff filed on January 31, 2012.  *See* Dkt. No. 18.  As set out below, Defendant requests that this Court deny Plaintiff's Motion to Remand.

## PROCEDURAL BACKGROUND

1.    Plaintiff originally filed this suit over 8 (eight) months ago on May 23, 2011.  *See* Dkt. No. 1.  In his Original Petition, every claim he made against Defendant referred specifically to the Americans with Disabilities Act. *See id.*  His Original Petition is absolutely devoid of ***any*** reference to alleged state law violations. *See id.*  Because Plaintiff's Original Petition only alleged violations of federal law, Plaintiff's lawsuit presented a quintessential federal question. Accordingly, Defendant removed the case to this Court on June 17, 2011. *See* Dkt. No. 2, 3.  The Court then entered a Scheduling Order, providing a November 24, 2011 deadline for amending

pleadings and a January 27, 2012 deadline for discovery. *See* Dkt. No. 13.  As discussed in more

detail *infra,* because Plaintiff has affirmatively participated in and acquiesced to this court's

jurisdiction, the Court should deny Plaintiff's Motion to Remand.

**ARGUMENT**

**A.  *Removal of this case was proper.***

2.      In his Motion to Remand, Plaintiff argues that his original "intent was to bring

[his] claim" under state law and not federal law. *See* Dkt. No. 18 at ¶1.  He argues that Defendant

improperly removed the case because he allegedly only made state law claims and the "amount

in controversy exceed[ed] $75,000." *Id.* at ¶¶3-4, 6.  Regarding his "intent" to make a state law

claim and his statement that his "Original Petition alleged only causes of action based on…the

Texas Labor Code," a review of Plaintiff's Original Petition reveals that Plaintiff has

misrepresented what his Original Petition contained. *Id.* at ¶7.  In his Original Petition, Plaintiff

expressly stated "the action arises under the Americans with Disabilities Act, 42 U.S.C. §12102,

et al." *See* Dkt. No.1 (Plaintiff's Original Petition at 1); Dkt. No. 18 Ex. A (Plaintiff's Original

Petition at 1).  Additionally, in his Original Petition, Plaintiff further stated:

> **VIII. Americans with Disabilities Act 42 U.S.C. §12102, et al.**
>
> Plaintiff is disabled, as defined by the Americans with Disabilities
> Act (ADA)….
>
> Defendant violated the ADA by discriminating against Plaintiff
> through failure to reasonably accommodate Plaintiff's disability….
>
> Additionally, Defendant violated the ADA by intentionally
> discriminating against Plaintiff because of his disability, 42 U.S.C.
> §12203….

*See* Dkt. No. 1 (Plaintiff's Original Petition at 4-5), Dkt. No. 18 Ex. A (Plaintiff's Original

Petition at 4-5).   Further, Plaintiff asserted a claim for attorney's fees under "42 U.S.C. §12205."

*Id.* at 6.  Contrary to Plaintiff's blatant misrepresentation to this Court, denying "that there was an attempt to bring his claim pursuant to the Federal Americans with Disabilities Act" and claiming that his "Original Petition alleged only causes of action based on violations of the Texas Labor Code," Plaintiff's Original Petition clearly alleged a claim under the Americans with Disabilities Act, and nowhere in his Original Petition did he assert any claim under state law. *See* Dkt. No. 18 at ¶¶1, 6.

3.      Because Plaintiff's Original Petition alleged a violation of federal law, Defendant properly removed the case pursuant to 28 U.S.C. §§ 1331, 1343, 1441. *See* Dkt. No. 3.  It is unclear why Plaintiff is arguing concerning the amount in controversy. *See* Dkt. No. 18 at ¶¶4, 11-13.  This case was not removed pursuant to diversity jurisdiction under 28 U.S.C. §1332, but solely based on a federal question being presented since Plaintiff alleges a violation of federal law. *See* Dkt. No. 3.  Jurisdiction pursuant to a federal question under 28 U.S.C. §1331 does not require an amount in controversy. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006) (noting that section 1331 federal question jurisdiction has not required amount in controversy since 1980 amendments to Code).  This Court clearly has jurisdiction over Plaintiff's claims, and Defendant properly removed this case.

**B.**  ***The Court should not remand this case.***

4.      A court may refuse to remand a case even when a federal claim is dropped if the plaintiff drops his federal claim for the sole purpose of attempting to destroy jurisdiction. *Jones v. Houston Indep. Sch. Dist.,* 979 F.2d 1004, 1007 (5th Cir. 1992).  Indeed, a district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 357, 622 (1988). If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account. *Cohill,* 484

U.S. at 622-23.  Moreover, a party waives his right to have a case remanded if he affirmatively participated in the federal proceedings, thereby acquiescing to the federal court's jurisdiction. *Johnson v. Odeco Oil and Gas Co.,* 864 F.2d 40, 42 (5th Cir. 1989); *Lirette v. N.L. Sperry Sun, Inc.,* 820 F.2d 116, 118 (5th Cir. 1987); *see also Koehnen v. Herald Fire Ins. Co.,* 89 F.3d 525, 528 (8th Cir. 1996).  In *Johnson,* after the defendant removed the case to federal court, plaintiff participated in discovery and other pre-trial matters, including attending depositions noticed by the defendant.  *Johnson,* 864 F.2d at 42.  Nevertheless, plaintiff later requested to remand the case back to state court.  *Id.*  However, the 5th Circuit Court of Appeals found that the plaintiff had acquiesced to the federal court's jurisdiction by participating in pre-trial matters and discovery and thus had waived his right to object to the jurisdiction of the court; accordingly, the Court denied the request to remand the case.  *Id.*

5.      This case is similar to the one in *Johnson.*  Here, Plaintiff did not object to removal of this case until over 7 (seven) months after Defendant originally removed this case, filing his response to Defendant's June 17, 2011 Notice of Removal on January 31, 2012.  *See* Dkt. No. 3, 18.  Plaintiff's deadline to respond to any defects in Defendant's Notice of Removal was July 18, 2011.  *See* 28 U.S.C. §1147(c).  Additionally, this Court set a deadline of November 24, 2011 to make any amendments to the pleadings.  *See* Dkt. No. 13.  Now, over two months after that deadline, Plaintiff indicates in his Motion to Remand that he wishes to amend his Original Petition to delete his federal claim and substitute it with a state law claim.  *See* Dkt. No. 18.  However, Plaintiff has not sought leave to amend his pleadings; instead, he seeks to remand the case based on his "intent" to allege violations of state law violations instead of federal law. *See* Dkt. No. 18 at ¶19-20 ("Plaintiff's intent was only to raise claims under the Texas Labor Code").

6.      As discussed *supra,* Plaintiff's current pleadings are completely devoid of any state law claims whatsoever; Plaintiff solely pleads alleged violations of the federal Americans with Disabilities Act (42 U.S.C. §12102 *et. seq.*).  *See* Dkt. No. 1.  Over 8 (eight) months into this litigation, Defendant has relied on Plaintiff's Original Petition throughout this case, in deposing Plaintiff on December 19, 2011, in conducting and completing written discovery from July through October 2011, and in preparing dispositive motions (which deadline is currently set for February 24, 2012).   As in the *Johnson* case, Plaintiff has acquiesced to the federal court's jurisdiction, by submitting himself for his own deposition 2 (two) months ago, requesting and responding to written discovery requests over 7 (seven) months ago, participating in pre-trial matters such as submitting his Designation of Witness lists and Exhibit lists to the Court in October 2011.  *See* Exhibit "A" (Affidavit of D. Craig Wood); *see also* Dkt. Nos. 7-10.

7.      Plaintiff clearly seeks to circumvent the court's Scheduling Order in which all deadlines, other than dispositive motions and trial, have currently passed by now seeking to remand it to county court.  In essence, he wants a second bite at the apple by removing this case to county court, considering that he failed to conduct any depositions, having missed the discovery deadline for same.  He has missed at least two court-ordered deadlines in this case to date, including failure to timely submit a proposed written settlement offer by November 22, 2011 and failure to request to amend pleadings timely by November 24, 2011, in addition to failing to depose any witness in the case.  *See* Exhibit "A" (Affidavit of D. Craig Wood).  In contrast, based on Plaintiff's current pleadings and discovery to date, Defendant has conducted discovery, including deposing Plaintiff, and is in the process of preparing and finalizing its dispositive motion in this case.  Based on Plaintiff's own conduct throughout this litigation, he should not now be heard to complain about the Court's jurisdiction.  This Court had jurisdiction

from the start of the case, Plaintiff received notice of the removal, and Plaintiff participated in this case after removal. As in *Johnson,* due to Plaintiff's dilatory tactics and affirmative actions in this Court, acquiescing to this Court's jurisdiction, this Court should deny Plaintiff's Motion to Remand.

### C. *The Court should deny Plaintiff's request to amend his pleadings.*

8.      Although not titled as a motion to amend pleadings, Plaintiff asks "in the alternative" that this Court allow him to amend his pleadings to "clarify" his claims as state law claims. *See* Dkt. No. 18 at ¶¶24, 27. However, Plaintiff may only amend his pleadings at this juncture through leave of court pursuant to FED. R. CIV. P. 15 (a)(2). Although Rule 15 evinces a bias in favor of granting leave to amend "when justice so requires," it is not automatic. *Torch Liquidating Trust ex rel. Bridges Assoc. LLC v. Stockstill,* 561 F.3d 377, 391 (5th Cir. 2009); *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 314 (5th Cir. 1996), *cert denied*, 519 U.S. 1057 (1997). In determining whether justice requires permitting an amendment, the courts consider such equitable factors as (1) undue delay, (2) bad faith, (3) dilatory motive on the part of the movant, (4) repeated failure to cure deficiencies by any previously allowed amendment, (5) undue prejudice to the opposing party, and (6) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Stockstill*, 561 F.3d at 391; *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 268 (5th Cir. 2004), *cert. denied*, 545 U.S. 1128 (2005).

9.      Here, as discussed *supra,* Plaintiff has unduly delayed requesting to amend his pleadings. He has known since June 17, 2011 that Defendant removed this case and the basis for that removal. He has affirmatively participated in proceedings in this Court and engaged in written discovery and his own deposition in the case. Yet, he waited until over 7 (seven) months later to seek a remand and "alternatively" request to amend his pleadings. He is not seeking to

amend his pleadings based on the discovery of new facts or new parties, but simply to replace his federal ADA claim with a state Texas Labor Code claim.  Plaintiff's proposed amended complaint is virtually identical to his Original Complaint, except that he deleted references to the ADA.  *Compare* Dkt. No. 18 Ex. A to Dkt. No. 18 Ex. B.  In his proposed amended complaint, he does not even cite to specific sections of the Labor Code that he claims were violated.  *See* Dkt. No. 18 Ex. B (Plaintiff's proposed First Amended Complaint at ¶¶19, 20).  Clearly, Plaintiff is forum shopping.  He has been dilatory in this case, failing to take any depositions and missing court-ordered deadlines.  He now wants to remand this case back to state court to circumvent this Court's past discovery deadline and impending dispositive motion deadline.   Defendant would be prejudiced by allowing him to amend his complaint.  Defendant has completed written discovery and deposed Plaintiff based on his ADA claims.  Allowing Plaintiff to amend his pleading would result in the need to re-depose Plaintiff and re-open discovery based on the new claim being asserted.

10.     As stated by the 5th Circuit Court of Appeals, "[i]f a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court.  The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff…cannot be condoned." *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5th Cir. 1985).  Accordingly, the Court should deny Plaintiff's request to amend his complaint and his Motion to Remand.

11.     WHEREFORE, PREMISES CONSIDERED, for the reasons shown above, the District respectfully moves this Court to deny "Plaintiffs' Response to Defendant's Notice of Removal and Plaintiff's Motion to Remand, and Alternative Motion to Enter *Sua Sponte* Order"

and to deny all of Plaintiffs' claims and requests for relief, and to further grant the District all such other and further relief, special or general, at law or in equity, to which it shows itself justly entitled.

Respectfully submitted,

WALSH, ANDERSON, GALLEGOS,
  GREEN & TREVIÑO, P.C.
100 NE Loop 410, Suite 900
San Antonio, Texas 78216
Tel No.  210-979-6633
Fax No. 210-979-7024

By:  /s/ D. Craig Wood
D. CRAIG WOOD
ATTORNEY IN CHARGE
State Bar No. 21888700
cwood@wabsa.com
STACY TUER CASTILLO
State Bar No. 00796322
scastillo@wabsa.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of February 2012, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Mr. Adam Poncio, Jr.
Poncio Law Offices
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
State Bar No.19158300

/s/ D. Craig Wood_____
D. CRAIG WOOD