# AFFIDAVIT OF MARK HARDISON

STATE OF TEXAS            §
                          §
COUNTY OF BEXAR           §

BEFORE ME, the undersigned Notary Public, on this day personally appeared MARK HARDISON, duly sworn, on oath stated as follows:

"My name is JOSEPH MARK HARDISON, but I go by the name Mark Hardison. I am over 18 years of age and have never been convicted of a felony or a crime of moral turpitude. I am of sound mind; capable of making this Affidavit; and fully competent to testify to the matters stated herein. The statements of fact in this Affidavit are made from my personal knowledge and are all true and correct.

I have been employed by Northside Independent School District since November 1, 1999, and currently hold the position of Employee Benefits Coordinator. I have held this position since December 17, 2007.

In my capacity as Employee Benefits Coordinator, I am one of the custodians of records for employee leave records at the District. Attached as Exhibit "C1" and incorporated by reference for all purposes is a true and correct copy of the Gerald Carter's application for leave dated September 25, 2009. The application was kept and utilized by the District in the regular course of its operations and business. Mr. Carter applied for a leave of absence from "November-January" at the end of the school day on September 25, 2009, but failed to submit medical certification for the requested leave.

On November 4, 2009, Mr. Carter again applied for medical leave of absence, which the District approved from November 9, 2009 through January 4, 2010. In his medical certification received from his physician, his doctor noted that Mr. Carter was experiencing anxiety from stress at "work and home." Attached as Exhibit "C2" and "C3" and incorporated by reference for all purposes are true and correct copies of Mr. Carter's application for leave dated November 4, 2009 and medical certification from Dr. Grace Salinas-Garcia dated November 18, 2009, respectively. These documents were kept and utilized by the District in the regular course of its operations and business. Mr. Carter was released to return to work on January 5, 2010, which he did.

On January 15, 2010, at the end of the school day, Mr. Carter again applied for medical leave of absence, which was approved. Attached as Exhibit "C4" and incorporated by reference for all purposes is a true and correct copy of Mr. Carter's application for leave dated January 15, 2010; this document was kept and utilized by

*Affidavit of J. Mark Hardison*
*Page 1 of 3*

the District in the regular course of its operations and business. Mr. Carter was on medical leave of absence from January 13, 2010 through June 7, 2010.

While Mr. Carter was on leave, he met with me on March 23, 2010. During this meeting Mr. Carter mentioned that he felt his disability was stress related, and that he hoped when he returned to work, he could be placed in a lower grade level, perhaps second grade. Mr. Carter indicated that the reason for his request to teach a lower grade was that he felt that there was too much stress in having to get kids ready for the TAKS test, which is the State accountability test required for third grade, fourth grade, and fifth grade students. The TAKS test is not required for first and second grade students.

On June 18, 2010, I, along with Principal Lori Shaw and Assistant Superintendent Jim Miller, met with Mr. Carter to discuss his request for workplace accommodations. At that meeting, Mr. Carter presented to us a list of written requests for accommodations. Attached as Exhibit "C5" and incorporated for all purposes is a true and correct copy of Mr. Carter's June 18, 2010 list of requested accommodations that he presented to me. In that letter, Mr. Carter requested (1) a "team plan" with his "grade level to discuss student progress and plan for the coming week," (2) a reassignment to a different grade level (preferring 3rd, 4th, or 5th grade), (3) permission that his lesson plans be turned in on a Monday instead of a Friday, (4) elimination of weekly meetings with his supervisors, and (5) reassignment to a different campus.

I responded in writing to Plaintiff's accommodation requests on or about July 15, 2010. Attached as Exhibit "C6" and incorporated herein for all purposes is a true and correct of the letter I sent to Mr. Carter. In my letter, I summarized our June 18, 2010 meeting and I explained to Mr. Carter that he was already participating in team meetings and said team meetings would continue through the school year. Regarding his grade level assignment, Mr. Carter had previously indicated he preferred a lower grade level assignment. At the June 18 meeting, the District agreed to have Mr. Carter's grade team leader assist in completion of lesson plans, with Mr. Carter's responsibility being to personalize the lesson plans to reflect any special needs of his students and incorporate his instructional schedule into the plans. Additionally, the District agreed to allow him to extend the time to turn in his lesson plans for Tuesday through Friday on the following Monday, but Monday's lesson plans had to be turned in on Friday. Additionally, the District agreed to suspend his weekly meetings with Ms. Shaw unless and until Mr. Carter or Ms. Shaw decided he needed additional assistance again. The District denied his request to transfer to another campus.

On January 13, 2011, Mr. Carter began another period of extended leave. On or about February 7, 2011, I received a Fitness for Duty Certificate from Mr. Carter's physician, who indicated that his leave would be "indefinite." Attached

*Affidavit of J. Mark Hardison*
*Page 2 of 3*

as Exhibit "C7" and incorporated for all purposes is a true and correct copy of said Fitness for Duty Certificate, which was kept and utilized by the District in the regular course of its operations and business. This Fitness for Duty Certificate was the last return to work form I received from Mr. Carter or his doctor.

Mr. Carter was absent for approximately 130 work days due to personal illness in the 2009-10 school year. He was absent for approximately 98 work days due to personal illness in the 2010-11 school year. There were 187 contracted work days for teachers in each of the 2009-10 and 2010-11 school years.

FURTHER AFFIANT SAYETH NOT."

_____
MARK HARDISON, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME by the said *February* on this 23rd day of February 2012, to certify which witness my hand and official seal.

CAROLINA R AROCHA
Notary Public, State of Texas
My Commission Expires
September 10, 2015

_Carolina R Arocha_
Notary Public, State of Texas

SEP 25 2009 PM 3:02

## Application for Leave of Absence
## Northside Independent School District

Northside ISD provides employees with generous leave benefits that exceed the requirements of the Family Medical Leave Act (FMLA) and the Texas Education Code. For complete details about leave benefits, please review the Leave of Absence section of the Employee Handbook and Board policies DEC (Legal) and DEC (Local). Individual assistance is available by calling the Employee Benefit office at 397-8620.

This Application for Leave of Absence is required for any period of absence lasting 10 consecutive work days or more. Additionally, a completed Medical Certification of Health Care Provider form is required for a leave of absence requested for personal or family illness. Intermittent leave for personal or family medical illness may be available to employees who qualify for Family Medical Leave (FMLA). All intermittent leave requests require a completed Medical Certification of Health Care Provider form. Leave requests for jury duty or court appearances require a copy of the court summons. Military leave requests require a copy of the military orders.

| Name: Gerald Carter | Date of Request: 9-25-09 |
|---|---|
| Position: Teacher | Hm / Cell Ph.: 210-509-6926 |
| Department/Campus: Michael Elementary | Street Address: 8619 Vantage Point |
| SSN: 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 | City / ST / Zip: San Antonio TX 78251 |

| Reason for Absence | Anticipated Date(s) of Absence | Requested Leave Classification (Please circle as many as applicable.) |
|---|---|---|
| ☒ Personal illness/Injury *(Including Maternity)* Is illness or injury work-related? ☐ Yes ☒ No | Dependent on Treatment Plan November-ish | **Temporary Disability** **Family Medical Leave Act (FMLA)** Workers' Compensation Assault Leave |
| ☐ Family illness/Emergency Specify relationship (spouse, parent, or child only): | | Family Medical Leave Act (FMLA) Hardship |
| ☐ Adoption/Parenting/Foster Care Placement Specify relationship: | | Family Medical Leave Act (FMLA) Parenting |
| ☐ Military Duty Specify: | | Short-term Military Leave (15 days or less) Long-term Military Leave |
| ☐ Professional Development: Specify course of study: Specify degree or designation: Specify date of anticipated degree or designation: | | |
| ☐ Jury duty or subpoena (Summons or subpoena must be attached to this leave request for consideration.) | | |
| ☐ Other Specify: | | |

I understand the documentation requirements for the leave I am requesting. For personal or family illness I understand I must provide a completed Medical Certification of Health Care Provider form to the Employee Benefit office within 15 days of today's date or my leave will be unexcused, ineligible for Temporary Disability Leave and will not be FMLA designated. If I am unable to return the form within 15 days, I must provide a written explanation to the Employee Benefit office no later than 10/10/09 @ 4:00 PM.

| Employee Signature and Date | Employee Benefit Representative Signature and Date |
|---|---|
| *[signed]* 9-25-09 | Chacha 9/25/09 |

1050-54b/GR
FE + 3 Years

Previous editions of this form are obsolete

HUM 037 11-07 R


EXHIBIT C1

NOV 4 2009 PM 1:44

## Application for Leave of Absence
### Northside Independent School District

Northside ISD provides employees with generous leave benefits that exceed the requirements of the Family Medical Leave Act (FMLA) and the Texas Education Code. For complete details about leave benefits, please review the Leave of Absence section of the Employee Handbook and Board policies DEC (Legal) and DEC (Local). Individual assistance is available by calling the Employee Benefit office at 397-8620.

This Application for Leave of Absence is required for any period of absence lasting 10 consecutive work days or more. Additionally, a completed Medical Certification of Health Care Provider form is required for a leave of absence requested for personal or family illness. Intermittent leave for personal or family medical illness may be available to employees who qualify for Family Medical Leave (FMLA). All intermittent leave requests require a completed Medical Certification of Health Care Provider form. Leave requests for jury duty or court appearances require a copy of the court summons. Military leave requests require a copy of the military orders.

| Name: Gerald L. Carter | Date of Request: 11-4-09 |
|---|---|
| Position: 4th Grade Teacher | Hm / Cell Ph.: 509-6926 |
| Department/Campus: Michael Elementary | Street Address: 8614 Vantage Pt. |
| SSN: | City / ST / Zip: San Antonio TX 78251 |

| Reason for Absence | Anticipated Date(s) of Absence | Requested Leave Classification (Please circle as many as applicable.) |
|---|---|---|
| * ☒ Personal illness/Injury *(Including Maternity)* <br> Is illness or injury work-related? ☐ Yes ☒ No | 11-3-09 <br> to <br> 11-20-09 | (Temporary Disability) <br> (Family Medical Leave Act (FMLA)) <br> Workers' Compensation <br> Assault Leave |
| * ☐ Family illness/Emergency <br> *Specify relationship (spouse, parent, or child only):* | | Family Medical Leave Act (FMLA) <br> Hardship |
| ☐ Adoption/Parenting/Foster Care Placement <br> *Specify relationship:* | | Family Medical Leave Act (FMLA) <br> Parenting |
| ☐ Military Duty <br> *Specify:* | | Short-term Military Leave (15 days or less) <br> Long-term Military Leave |
| ☐ Professional Development: <br> *Specify course of study:* <br><br> *Specify degree or designation:* <br><br> *Specify date of anticipated degree or designation:* | | |
| ☐ Jury duty or subpoena (Summons or subpoena must be attached to this leave request for consideration.) | | |
| ☐ Other <br> *Specify:* | | |

I understand the documentation requirements for the leave I am requesting. For personal or family illness I understand I must provide a completed Medical Certification of Health Care Provider form to the Employee Benefit office within 15 days of today's date or my leave will be unexcused, ineligible for Temporary Disability Leave and will not be FMLA designated. If I am unable to return the form within 15 days, I must provide a written explanation to the Employee Benefit office no later than 11/19/09 @ 4:00 PM.

| Employee Signature and Date | Employee Benefit Representative Signature and Date |
|---|---|
| *[signed] Gerald L. Carter* | *[signed] Jerri Reese* |

1050-54h/GR     Previous editions of this form are obsolete     HUM 037 11-07 R

EXHIBIT C2

Return by fax to (210) 257-1182                         Due Date: ~~10/10/09~~

## Medical Certification of Health Care Provider
## Northside Independent School District

INSTRUCTIONS TO HEALTH CARE PROVIDER: Please completely answer each question. Incomplete forms may result in the employee being ineligible for leave.

| 1. Employee Name       5592       | 2. Patient's Name (if different from employee) |
|---|---|
| Gerald Carter | |

3. The attached sheet describes what is meant by a "serious health condition" under the Family and Medical Leave Act. Does the patient's condition qualify under any of the categories described on the attached sheet?
☑ Yes   ☐ No

If yes, please check the applicable category:
- ☐ Hospital care
- ☐ Absence plus treatment
- ☐ Pregnancy
- ☐ Chronic conditions requiring treatments
- ☐ Permanent/long-term condition requiring supervision
- ☑ Multiple treatments (non-chronic conditions)
- ☐ None of the above

4. Describe the medical facts that support your certification, including a brief statement as to how the medical facts meet the criteria of one of the categories listed above:

Increased depression & anxiety related to stress with in the work and home environment. Patient experience poor concentration with depressed and anxious mood. Patient is isolative and withdrawn which represents manifestations of a psychiatric disorder that without immediate, structured treatment observation and care in a partial setting would deteriorate, potentially requiring intensive in pt. care.

5a. State the approximate date the condition commenced and the probable duration of the condition (and also the probable duration of the patient's present incapacity if different):

Incapacity from 11/07/09 through 11/27/09 approximate discharge date at which time he will be reassessed on return to work.

5b. Will it be necessary for the employee to work only intermittently or to work on a less than full schedule as a result of the condition (including for treatment described in item 6 below)?
☐ Yes (give the probable duration): _____
☑ No

5c. If the condition is a chronic condition or pregnancy, state whether the patient is presently incapacitated and the likely duration and frequency of episodes of incapacity:

Depressive episodes have an increased chance of reoccurring following each additional episode often worsen with high amounts of stress or failure to comply with out patient medication regimen and therapy. Patient has been undergoing treatment for the past 5 years & at times of episode he will likely be incapacitated till he is stabilized.

1050-546/GR                                                                 HUM 160 01-08 O
Fiscal Year End + 3 Years

EXHIBIT C3

## Medical Certification of Health Care Provider

6a. If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments.

minimum of 2-4 visitations per month

If the patient will be absent from work or other daily activities because of treatment on an intermittent or part-time basis, also provide an estimate of the probable number and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:

Patient will require follow up appointments with a psychiatrist & therapist of a minimum of 2-4 visitations per month

6b. If any of these treatments will be provided by another provider of health services (e.g., physical therapist), please state the nature of the treatments:

Treatment will continue after discharge from program will follow up care with a psychiatrist and therapist

6c. If a regime of continuing treatment of the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requiring special equipment):

patient will be in my care to monitor medication toleration, mood stabilization, & addressing withdraw & isolation issues

7a. If a medical leave is required for the employee's absence from work because of the employee's own condition (including absences due to pregnancy or a chronic condition), is the employee unable to perform work of any kind? ☐ Yes ☑ No

7b. If able to perform some work, is the employee unable to perform any one or more of the essential functions of his or her job (the employee or the employer should supply you with information about the essential job functions)?
☐ Yes, please list the essential functions the employee is unable to perform:

_____
_____
_____
_____

☑ No

7c. If neither a or b applies, is it necessary for the employee to absent from work for treatment?
☑ Yes ☐ No

1050-546/GR
Fiscal Year End – 3 Years
HUM 160 01-08 O

## Medical Certification of Health Care Provider

8a. If leave is required to care for an employee's family member with a serious health condition, does the patient require assistance for basic medical or personal needs, safety, or transportation?
☐ Yes  ☒ No   N/A

8b. If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery?
☐ Yes  ☒ No   N/A

8c. If the patient will need care only intermittently or on a part-time basis, please indicate the probable duration of this need:
Does not apply

| Signature of health care provider | Please print or type Name of Provider and type of practice |
|---|---|
| [signature] | Dr Grace Salinas-Garcia |
| Date Signed 11/18/09 | Address and Telephone number 1603 Babcock Rd, SA 78229 210-395-4062 |

To be completed by the employee needing leave to care for a family member:

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

Employee signature _____ Date _____



JAN 15 2010 PM 3:09

## Application for Leave of Absence
## Northside Independent School District

Northside ISD provides employees with generous leave benefits that exceed the requirements of the Family Medical Leave Act (FMLA) and the Texas Education Code. For complete details about leave benefits, please review the Leave of Absence section of the Employee Handbook and Board policies DEC (Legal) and DEC (Local). Individual assistance is available by calling the Employee Benefit office at 397-8620.

This Application for Leave of Absence is required for any period of absence lasting 10 consecutive work days or more. Additionally, a completed Medical Certification of Health Care Provider form is required for a leave of absence requested for personal or family illness. Intermittent leave for personal or family medical illness may be available to employees who qualify for Family Medical Leave (FMLA). All intermittent leave requests require a completed Medical Certification of Health Care Provider form. Leave requests for jury duty or court appearances require a copy of the court summons. Military leave requests require a copy of the military orders.

| Name: Gerald Carter | Date of Request: 1-15-10 |
|---|---|
| Position: Teacher | Hm / Cell Ph.: 509.6926 |
| Department/Campus: Michael Elem. | Street Address: 8614 Vantage Pt. |
| SSN: 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 | City/ST/Zip: San Antonio, TX 78251 |

| Reason for Absence #038151 | Anticipated Date(s) of Absence | Requested Leave Classification (Please circle as many as applicable.) |
|---|---|---|
| *  [✓] Personal illness/Injury *(Including Maternity)* <br> Is illness or injury work-related? ☐ Yes ☑ No <br> FDO: 1-15-10 | | **Temporary Disability** <br> **Family Medical Leave Act (FMLA)** <br> Workers' Compensation <br> Assault Leave |
| *  ☐ Family illness/Emergency <br> Specify relationship (spouse, parent, or child only): | | Family Medical Leave Act (FMLA) <br> Hardship |
| ☐ Adoption/Parenting/Foster Care Placement <br> Specify relationship: | | Family Medical Leave Act (FMLA) <br> Parenting |
| ☐ Military Duty <br> Specify: | | Short-term Military Leave (15 days or less) <br> Long-term Military Leave |
| ☐ Professional Development: <br> Specify course of study: <br><br> Specify degree or designation: <br><br> Specify date of anticipated degree or designation: | | |
| ☐ Jury duty or subpoena (Summons or subpoena must be attached to this leave request for consideration.) | | |
| ☐ Other <br> Specify: | | |

I understand the documentation requirements for the leave I am requesting. For personal or family illness I understand I must provide a completed Medical Certification of Health Care Provider form to the Employee Benefit office within 15 days of today's date or my leave will be unexcused, ineligible for Temporary Disability Leave and will not be FMLA designated. If I am unable to return the form within 15 days, I must provide a written explanation to the Employee Benefit office no later than 2-1-10 @ 4:00 PM.

| Employee Signature and Date | Employee Benefit Representative Signature and Date |
|---|---|
| [signed] 1-15-10 | [signed] David J. Hennos 1-15-10 |

1050-54b/GR **EXHIBIT C4**  Previous editions of this form are obsolete.   HUM 037 11-07 R
FE + 3 Years

June 18, 2010

I am enclosing some additional information for my case, #451-2010-00999.

Things have not gone well recently with my school district. I was "asked" to attend a meeting this morning and did so. My principal, the assistant director of human resources, and the director of benefits were all there. They would not reschedule the meeting, as I requested. Please see the exchange of emails re this.

I have also attached an accommodations list I came up with...since they asked for one. Bottom line results of the meeting: my list was "duly noted" and dropped into my file. They will not agree to any of them, and I was told in no uncertain terms that I'm expected to do my job without any modifications.

They also said I may need to have one of their doctors examine me to determine my condition. They have plenty of documentation of my condition already and I feel like this is a form of harassment. I left the office after 45 minutes of hearing what is required of all regular employees, with no exceptions made. I told them that I am ready to work...with accommodations.

There are no additional meetings scheduled at this time, and I am searching for an attorney to help me out since the meeting was both unpleasant, and difficult.

Thank you for your continuing efforts towards investigating my case.

Sincerely,

*Gerald Carter*

Gerald Carter

8614 Vantage Point

San Antonio, TX 78251

Tel. 210-509-6926

EXHIBIT C5

June 18, 2010

## Accommodations Request for Gerald Carter

In order to have a successful year with my students, parents, teachers, and administration, I am requesting the following accommodations to compensate for my disability:

1) Team plan with my grade level to discuss student progress and plan for the coming week.

2) Be assigned to a grade level that I am experienced in, such as 3rd, 4th, or 5th grade.

3) Allow lesson plans to be turned in, or posted online, by Monday morning.

4) Eliminate required weekly performance meetings with administration. These were counterproductive and worsened my disability to the point that I could not perform that day.

5) Be reassigned to a different campus, with an administrator who would be understanding of my condition.

Due to the short notice given for this meeting, there may be additional requests made after I consult with my doctor for her recommendations.



**Human Resources**
Office of Benefits
and
Risk Management

July 15, 2010

Gerald Carter
8614 Vantage Point
San Antonio, TX 78251

Dear Mr. Carter,

This is in response to your accommodations request which you presented to me at our meeting on June 18, 2010, and to confirm the related follow up telephone and e-mail conversations between your attorney, Julie Chen Allen, and the District's legal counsel, Paige Kyle, and a telephone conversation between you and Mrs. Kyle on July 12.

As you recall, you were on a leave of absence due to a personal illness during the period November 9, 2009 through January 4, 2010. You returned to work on January 5, 2010 and began a new period of leave of absence on January 13, 2010. On March 23, you indicated to me that you felt your disability was stress related, and that you hoped when you returned to work, you could be placed in a lower grade level, perhaps second grade, because you felt there was just too much stress in having to get kids ready for the TAKS. On June 7, 2010 you presented a Fitness-for-Duty Certificate completed by Dr. Grace Salinas-Garcia which indicated you had been released to return to work as of June 1, 2010, and on June 14, 2010, Ms. Shaw notified you that you were going to be assigned to teach first grade next year. Attached to this certificate was a memo from Dr. Salinas-Garcia recommending you be provided an extension of time to complete written assignments such as lesson plans. We also recently received a letter from Dr. Salinas-Garcia which is dated July 1, but which was not received by the District until July 13, 2010, in which she outlines similar accommodation requests to those which you originally submitted to the District on June 18. It appears that Dr. Salinas-Garcia's letter was written after our meeting on June 18, but before the conversations between our attorneys, and we were not aware of its existence when you spoke with Mrs. Kyle on July 12.

In response to Dr. Salinas-Garcia's original recommendation, we requested you meet with District officials including me, Mark Hardison, Employee Benefits Coordinator; Ms. Lori Shaw, Principal for Mary Michael Elementary School; and Jim Miller, the Assistant Superintendent for Human Resources. This meeting was conducted on June 18, 2010.

During this meeting you presented your request for accommodations which included:

1. Team plan with your grade level to discuss student progress and plan for the coming week.
2. Be assigned to a grade level that you are experienced in, such as 3rd, 4th or 5th grade.
3. Allow lesson plans to be turned in, or posted online, by Monday morning.
4. Eliminate required weekly performance meetings with administration.
5. Be reassigned to a different campus with an administrator who would be understanding of your condition.

5617 Grissom Road
San Antonio, Texas
78238-2220
Benefits
Tel: 210.397.8620
Fax: 210.257.1182
Risk Management
Tel: 210.397.8720
Fax: 210.706.8827
www.nisd.net

EXHIBIT C6

During our meeting, we discussed a number of possible ways to accommodate you, including an offer to provide you assistance in lesson plan preparation from Ardyce Welch, Elementary Support Specialist, Organizational and Staff Development Department at NAC which you declined. At one point during the conversation, you asked if we were disapproving your requests, and I replied something to the effect that right now we are trying to determine what your needs are, how your requested accommodations apply to your disability, whether there may be something else we could do that would accomplish the same purpose as your requested accommodations, and that we would get back with you.

Our responses to your requests are provided below.

1. Team planning is a practice currently in place at Mary Michael Elementary School and will continue to be used at all grade levels in the 2010-2011 school year. As described to you by Ms. Shaw, your team will be meeting in August, prior to the beginning of the new school year, to initiate the planning process. Ms. Shaw has also provided you with copies of the instructional materials for you to review prior to meeting with the team.

   During the school year, the team will meet at least once a week to review student progress and to make plans and assignments for the up-coming weeks. Your attendance and participation in these meetings is anticipated, and therefore this request is granted.

2. Grade level assignments for the 2010-2011 school year have been established. As previously indicated to you by Ms. Shaw, you will be assigned as a teacher for a 1st Grade level class.

   The instruction of students at the 3th, 4th and 5th grade levels is more rigorous than lower levels as these students must be prepared in the essential knowledge and skill areas which are needed for the students to continue to the next grade level. We believe you can understand this rationale based on our March 23, 2010 conversation when you indicated that you felt you would be more successful in an assignment at a lower grade level. We understand from your legal counsel in an e-mail to Mrs. Kyle dated July 7, 2010, that you have accepted this reassignment.

3. Lesson plans are essential to the successful instruction of students. As has been mentioned to you, the team leader will complete the lesson plans and post them on line after each week's planning meeting. You will need to personalize these plans to reflect any special needs of your students, to incorporate your instructional schedule and to add any unique or additional instructional aids or materials. As you know these lesson plans are also used by special education teachers and, if needed, substitute teachers.

   Because lesson plans are critical to the effective instruction of students, we will continue to require that your lesson plans for Monday be submitted by the Friday before. However, we are willing to grant you the accommodation that your lesson plans for days Tuesday through Friday will not be due until Monday morning. In discussions with Ms. Shaw, we anticipate that you may find that delay is not even necessary, since the portions of the lesson plans which you will be tailoring will require minimal adjustment from week to week.

Through your legal counsel, we sent you samples of the first grade lesson plans which are typed by the team leader based on input from the team, and then tailored by each first grade teacher to your particular class schedule. The portions that are added by individual teachers are very limited and they were indicated in yellow highlighting in the samples we sent to your lawyer. We have attached another copy of those samples for your review before the beginning of the school year.

4. The meetings with administrators are designed to assist you with issues which have previously been identified in performance evaluations, and they were in part in response to your suggestion to Ms. Shaw that you needed assistance with prioritizing. At your request, we are going to suspend those weekly meetings at this time, however we believe the meetings would remain a valuable tool for you and the campus administration. Please advise Ms. Shaw if you decide that you would like to have that additional support again in the future, or she will let you know if she feels the meetings need to begin again. If requested, so as not to affect your daily teaching performance, the meetings would be scheduled for periods after the end of the instructional day.

5. Ms. Shaw and other administrators at Mary Michael Elementary School are concerned with your well being, and the well being of all other staff members and students. They have worked with you on providing reasonable accommodations while still providing students with appropriate instruction. We have no reason to believe a change in campus assignment and administrative supervision would affect your ability to perform your essential duties and responsibilities.

If you have questions or need additional information concerning this response, please contact me at (210) 397-8620. If these accommodations do not meet the requirements you believe you need to have met to allow you to perform your job, please contact me as soon as possible so that we can assess any further needs you feel you have at this time.

Sincerely

/Signed/
Mark Hardison
Employee Benefits Coordinator



**Northside Independent School District**

**Human Resources**
Office of Benefits
and
Risk Management

From: Northside Independent School District
       Employee Benefits Office

Date:

Subject: Fitness-for-Duty Certificate

To: Attending Physician

The individual identified below has been on a leave of absence from his/her employment with Northside Independent School District. To facilitate this individual's return to work, please provide the information requested below concerning this employee. Your assistance greatly appreciated.

EMPLOYEE'S NAME: *Gerald Carter*

EMPLOYEE'S DOB: *12-7-1960*

DATE RELEASED TO RETURN TO WORK: *indefinite*
*F/U appt. w/ me is scheduled mid February*

Are there **any restrictions** to this employee's resuming his or her full range of assigned duties?    ❑ No (STOP; Sign on back)    ❑ Yes (Indicate restrictions, below)

If there are restrictions to the employee's resuming full duties, please complete the items listed below.

1. Employee can lift:

| ___ less than 5 lbs | ___ up to 5 pounds | ___ up to 10 pounds |
| ___ up to 15 lbs | ___ up to 20 pounds | ___ up to 30 pounds |
| ___ up to 40 lbs | ___ up to 50 pounds | ___ no limit |

2. In an 8 hour day, the employee can stand/walk:

Hours at one time:    ___ 0 to 2    ___ 2 to 4    ___ 4 to 6    ___ 6 to 8
Total hours per day:   ___ 0 to 2    ___ 2 to 4    ___ 4 to 6    ___ 6 to 8
No Restriction: ___

3. In an 8 hour day, the employee can sit:

Hours at one time:    ___ 0 to 2    ___ 2 to 4    ___ 4 to 6    ___ 6 to 8
Total hours per day:   ___ 0 to 2    ___ 2 to 4    ___ 4 to 6    ___ 6 to 8
No Restriction: ___

(CONTINUED ON REVERSE)

5617 Grissom Road
San Antonio, Texas
78238-2220
**Benefits**
Tel: 210.397.8620
Fax: 210.257.1182
**Risk Management**
Tel: 210.397.8720
Fax: 210.706.8827
www.nisd.net

1050-22b(2)/GR
Until Superseded + 2 Years

HUM 155 07-05 O

EXHIBIT C7

4. Employee can use hands for repetitive:

Simple Grasping: _____ Yes _____ No
Pushing & Pulling: _____ Yes _____ No
Fine Manipulation: _____ Yes _____ No
Other hand restrictions: _____

5. Employee can reach:

_____ Overhead   _____ Shoulder height   _____ Below the waist
_____ No Restriction

6. Employee is able to:

Bend:   _____ Frequently   _____ Occasionally   _____ Not at All
Squat:  _____ Frequently   _____ Occasionally   _____ Not at All
Kneel:  _____ Frequently   _____ Occasionally   _____ Not at All

7. Employee can climb:

Ladders:   _____ Yes   _____ No
Stairs:    _____ Yes   _____ No
Ramps:     _____ Yes   _____ No
Scaffolds  _____ Yes   _____ No

8. Employee can operate:

Vehicles with Standard Transmission:   _____ Yes   _____ No
Vehicles with Automatic Transmission:  _____ Yes   _____ No

9. Employee can operate machinery:   _____ Yes   _____ No

Machinery restrictions: _____

10. Is employee restricted by environmental factors such as heat/cold, dampness, etc?

_____ Yes   _____ No

If yes, please explain: _____

12. Length of restrictions: _____

13. Comments: *Pt. does ∅ have physical restrictions. Suffers w/ severe Major Depressive Disorder and anxiety. Currently experiencing a recurrent episode exacerbated by stressors of work. He is ∅ released to work at this time.*

PHYSICIAN SIGNATURE: [signature]
DATE: 2/2/11