IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GERALD CARTER | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  5:11-cv-492 FB-JWP |
| | § | |
| NORTHSIDE INDEPENDENT SCHOOL DISTRICT | § § | |
| | § | |
| DEFENDANT | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE AND REQUEST FOR EXTENSION OF TIME**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES NORTHSIDE INDEPENDENT SCHOOL DISTRICT, Defendant in the above-styled and numbered cause, and submits this its Response to Plaintiff's Motion for Leave and Request for Extension of Time to File Response to Motion For Summary Judgment (hereinafter referred to as "Plaintiff's Motion"), which Plaintiff filed on March 26, 2012. *See* Dkt. No. 21.  The undersigned does not typically oppose requests for extensions of time; however, in light of Plaintiff's repeated failure to meet deadlines and litigate this case, the undersigned feels compelled to file this Response.  As set out below, Defendant requests that this Court deny Plaintiff's Motion.

**PROCEDURAL BACKGROUND**

1. Plaintiff originally filed this suit over 10 (ten) months ago on May 23, 2011. *See* Dkt. No. 1.  Over the course of this suit, Plaintiff has missed several deadlines and continued to delay this case.  This Court entered a Scheduling Order, providing a November 24, 2011 deadline for amending pleadings, a January 27, 2012 deadline for discovery, and a February 24,

2012 deadline for dispositive motions. *See* Dkt. No. 13. First, Plaintiff delayed responding to Defendant's Notice of Removal in this case until six months after his deadline. *See* 28 U.S.C. §1147(c); Dkt. No. 3, 18, 19. Additionally, two months after the court-ordered pleading amendments deadline, Plaintiff sought to amend his pleadings (without first filing a Motion for Extension of Time). *See* Dkt. No. 13, 18, 19. He also failed to timely submit a proposed written settlement offer by the court-ordered deadline of November 22, 2011, and has failed to depose any witness in the case. *See* Dkt. No. 19 Exhibit "A" (Affidavit of D. Craig Wood).

     2.     On February 24, 2012, the District filed its Motion for Summary Judgment. *See* Dkt. No. 20. Plaintiff's deadline to file a response was March 9, 2012. On March 8, 2012, Plaintiff's counsel asked if the undersigned would oppose a request for an extension of time to respond to the Motion for Summary Judgment to March 19, 2012, to which the undersigned indicated he would not oppose such request. However, Plaintiff did not file a timely motion for an extension of time, instead waiting to file said Motion until after the deadlines had already passed and after the deadline to which the undersigned had agreed.

### ARGUMENT

     3.     Because Plaintiff missed his filing deadline and did not file his request for an extension of time until after the deadline had passed, Federal Rule of Civil Procedure 6(b)(1)(B) controls. "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Thus, the movant for an extension of time after the deadline has passed must show good cause and excusable neglect for noncompliance. *In re PaineWebber LPS Litig.,* 147 F.3d 132, 135 (2d Cir. 1998); *see Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380, 396 (1993). In determining excusable neglect,

courts may consider the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv.,* 507 U.S. at 395.

4. An attorney's being occupied with other cases or hearings should not prevent him from meeting the deadlines in the case before the court and does not constitute excusable neglect. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1047-48 (8th Cir. 2010). Excusable neglect "requires something more than a simple failure to meet the deadline due to a busy schedule." *United States v. Dumas,* 94 F.3d 286, 289 (7th Cir. 1996) cert. denied 520 U.S. 1105 (1997). Indeed, several courts have found that an attorney's busy practice does not constitute excusable neglect and does not justify an extension of time. *See, e.g., Stonkus v. City of Brockton Sch. Dep't,* 322 F.3d 97, 101 (1st Cir. 2003) ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences"); *Dumas,* 94 F.3d at 289 (finding that excusable neglect requires more than busy schedule); *Harlow Fay, Inc. v. Fed. Land Bank of St. Louis,* 993 F.2d 1351, 1353 (8th Cir.), cert. denied 510 U.S. 825 (1993) (holding that attorney's busy practice did not constitute excusable neglect); *McLaughlin v. City of LaGrange,* 662 F.3d 1385, 1387 (11th Cir. 1981) (finding solo practitioner's busy practice did not justify request for extension to respond to dispositive motion, which request was filed four days late), cert. denied 456 U.S. 979 (1982).

5. Similar to the present case, in *Hawks,* the plaintiff failed to file his response to the defendant's Motion to Dismiss within 12 days, but instead sought an extension 21 days after the Motion was filed. *Id.* at 1047-48. In his request for the extension, the plaintiff stated that his attorney "has been involved in two bench trials and one…hearing…in the past twenty days" as

well as mediation.  *Id.*   However, being occupied with other hearings does not constitute excusable neglect, and the 8th Circuit Court of Appeals upheld the trial court's denial of the requested extension and it's granting of the Motion to Dismiss.  *Id.* at 1048.

6. Additionally, an attorney's going on vacation and missing applicable deadlines does not constitute excusable neglect.  *See Infotec Staff Servs, Inc. v. First USA Bank,* No. 3:97-CV-1372P, 1998 WL 641816 at *3 (N.D. Tex. Sept. 17, 1998); *see also McIntosh v. Antonino,* 71 F.3d 29, 38 n.8 (1st Cir. 1995).

7. Here, Plaintiff attempts to show excusable neglect for missing his deadline by nineteen days by stating that he was busy with a trial, that he went on vacation, and that he was suffering from allergies for some of that time.  However, as shown above, none of these reasons amount to "excusable neglect" under Rule 6(b).  Because Plaintiff has failed to carry his burden to show good cause and excusable neglect for his failure to meet deadlines, the Court should deny Plaintiff's Motion for Leave and Request for Extension of Time.  Additionally, the Court should strike Plaintiff's Response to Defendant's Motion for Summary Judgment as untimely.  *See*  Dkt. No. 22.

8. WHEREFORE, PREMISES CONSIDERED, for the reasons shown above, the District respectfully moves this Court to deny Plaintiff's Motion for Leave and Request for Extension of Time, to strike Plaintiff's Response to Defendant's Motion for Summary Judgment and to deny all of Plaintiff's claims and requests for relief, and to further grant the District all such other and further relief, special or general, at law or in equity, to which it shows itself justly entitled.

Respectfully submitted,

WALSH, ANDERSON, GALLEGOS,
  GREEN & TREVIÑO, P.C.
100 NE Loop 410, Suite 900
San Antonio, Texas 78216
Tel No.  210-979-6633
Fax No. 210-979-7024

By:  /s/ D. Craig Wood
D. CRAIG WOOD
ATTORNEY IN CHARGE
State Bar No. 21888700
cwood@wabsa.com
STACY TUER CASTILLO
State Bar No. 00796322
scastillo@wabsa.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April 2012, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Mr. Adam Poncio, Jr.
Poncio Law Offices
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
State Bar No.19158300

/s/ D. Craig Wood
D. CRAIG WOOD