```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                        SAN ANTONIO DIVISION
```

| | |
|---|---|
| GERALD CARTER | * |
| | * |
|     Plaintiff, | * |
| | * |
|  v. | *   CIV. NO. SA-11-CA-0492-FB |
| | * |
| NORTHSIDE INDEPENDENT SCHOOL | * |
| DISTRICT, | * |
| | * |
|     Defendant. | * |

## MEMORANDUM AND RECOMMENDATION

Before the Court is plaintiff, Gerald Carter's motion to remand and alternatively motion to enter *sua sponte* order. (Docket no. 18). Defendant, Northside Independent School District ("NISD"), has responded. (Docket no. 19). Upon consideration of the motion, response, and applicable law, the Court believes the plaintiff's motion should be **DENIED**.

## BACKGROUND

Carter, a teacher employed by the NISD, filed suit in state court on May 23, 2011, alleging that he was discriminated against in violation of the Americans with Disabilities Act of 1990 ("ADA"). (Docket no. 1, exh. 4). Plaintiff further alleged that defendant failed to accommodate his alleged disability, retaliated against him, and constructively discharged him. (Id.). On June 17, 2011, defendant timely filed a Notice Of Removal, maintaining that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. (Docket no. 3). On January 31, 2012,

plaintiff filed a motion to remand, which the Court now considers. (Docket no. 18).

## APPLICABLE LAW

The party removing a case to federal court has the burden to present facts sufficient to show federal subject matter jurisdiction exists. ***Willy v. Coastal Corp.***, 855 F.2d 1160, 1164 (5th Cir. 1988). Whether a case may be removed is a question of federal law to be decided by the federal courts. ***See Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc.***, 4 F.3d 614, 618 (8th Cir. 1993). Because the removal statute is strictly construed, any doubt about the propriety of removal is construed against removal. ***Owen Equip. & Erection Co. v. Kroger***, 437 U.S. 365, 377 (1978); ***Acuna v. Brown & Root***, 200 F.3d 335, 339 (5th Cir. 2000). The Court must resolve all disputed questions of fact relative to its subject matter jurisdiction and all ambiguities in favor of the non-removing party. ***Dodson v. Spiliada Maritime Corp.***, 951 F.2d 40, 42 (5th Cir. 1992).

## DISCUSSION

In seeking to remand this case back to state court, plaintiff admits that he asserted a claim of discrimination and retaliation based on disability but argues that removal is improper here because he sought to bring his claim pursuant to the Texas Labor Code rather than the ADA. However, Plaintiff's Original Petition, filed in May of 2011, specifically alleged a claim pursuant to the

2

ADA, 42 U.S.C. §12102, et al., rather than the Texas Labor Code. (Docket no. 1). In particular, plaintiff alleged that "the action arises under the [ADA], 42 U.S.C. § 12102, et al."; that he is disabled "as defined by the [ADA], 42 U.S.C. § 12102"; that he is an employee with the meaning of the ADA"; and that defendant violated the ADA by "discriminating against Plaintiff through failure to reasonably accommodate Plaintiff's disability," and by "intentionally discriminating against Plaintiff because of his disability, 42 U.S.C. §12203." (Docket no. 1, exh. 4). These allegations are sufficient to raise federal question jurisdiction. **28 U.S.C. § 1441(a);** *see also* **28 U.S.C. § 1446(a).**

Further, defendant removed this case in June of 2011, placing plaintiff on notice that, notwithstanding any intention he might have had to allege a state claim, he had, in fact, asserted claims pursuant to federal law. (Docket no. 1). Plaintiff could have amended his pleadings to delete the federal questions claim, but instead filed his Consent to Alternate Dispute Resolution on October 26, 2011, his Designation of Expert Witnesses on October 31, 2011, and his Witness List on October 31, 2011. (Docket nos. 7, 9 and 10). On November 8, 2011, the Court entered its Scheduling Order which required plaintiff to amend his pleadings by November 24, 2011. (Docket no. 13). Plaintiff failed to do so and instead, waiting until January 31, 2012 to file the present motion.

3

Thus, although plaintiff contends that he intended to file his claims pursuant to the Texas Labor Code, plaintiff has made no attempt to amend his petition/complaint and further, fails to provide good cause for not doing so prior to the Court's deadline. *See* **F**ED.R.CIV.P. **16(b)(4)**. Additionally, although plaintiff maintains that this Court lacks jurisdiction over his claims because he allegedly made only state law claims and did not specifically allege an amount in controversy in excess of the jurisdictional limits, this case was removed based on 28 U.S.C. § 1331 rather than 28 U.S.C. § 1332; accordingly, the Court need not address this argument. ***See* 28 U.S.C. § 1331;** *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)(noting that § 1331 federal question jurisdiction has not required amount in controversy since 1980 amendments to Code). Based on the allegations in Plaintiff's Original Petition, defendant has met its burden of presenting sufficient facts to show federal subject matter jurisdiction exists. *Willy*, 855 F.2d at 1164.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that plaintiff's motion to remand be **DENIED**.

### Instructions for Service and Notice of Right to Object

The District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either electronically or by mailing

a copy by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), Fed.R.Civ.P., any party who desires to object to this Memorandum and Recommendation must serve and file specific written objections within 14 days after being served with a copy. ***Such party shall file the objections with the District Clerk and serve the objections on all other parties and the Magistrate Judge.*** A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days after being served with a copy shall bar that party from ***de novo*** review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of factual findings and legal conclusions to which the party did not object, which were accepted and adopted by the District Court. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985); ***Douglass v. United Servs. Auto. Ass'n***, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED** July 16, 2012.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE